Seitzinger, Appellant, v. Fort Pitt Brewing Co.

254

Argued September 27, 1928.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*William S. Doty,* with him *Thomas A. Thornton, Sterett & Acheson* and *Drayton Heard,* for appellant.— In the following cases, inter alia, awards were affirmed for cancers or sarcomas, appearing at or near the point of injury, and in none of them was the proximity and sequence of events so convincing as in this case: Slemba v. Hamilton & Sons, 290 Pa. 267; Smith v. Tapestry Co., 285 Pa. 145; Whittle v. National Co., 266 Pa. 356; Grobuskie v. Koal Co., 80 Pa. Superior Ct. 349.

There was no legally competent evidence to sustain the board in reversing the referee's award based on overwhelming proof: Smith v. Tapestry Co., 285 Pa. 145; Grobuskie v. Koal Co., 80 Pa. Superior Ct. 349; Davis v. Davis, 80 Pa. Superior Ct. 343; Anderson v. Baxter, 285 Pa. 443; Vorbnoff v. Machine Co., 286 Pa. 199.

Carnett's opinion, if sufficient, was incompetent; he was not qualified: Michael v. Pipe Line Co., 159 Pa. 99, 105; Grier v. Boro., 6 Pa. Superior Ct. 542, 551; Davis v. R. R., 215 Pa. 581, 583.

Carnett's reports were not evidence.

There was no sworn testimony as to Carnett's opinion, nor actual opportunity afforded claimant for cross-examination: Capuzzimati v. C. & I. Co., 28 Schuylkill Co. R. 97.

*H. E. McCamey,* of *Dickie, Kier & McCamey,* for appellee.—Doubtful opinions of plaintiff's physicians created a doubt in the minds of the board, this alone being enough to sustain a disallowance.

Carnett's opinion was competent.

The Philadelphia hearing was valid: Carlin v. Coxe, 274 Pa. 38.

The board's findings of fact are entirely consistent and justified.

The board having established the facts, it is not within the province of appellate courts to reverse such findings: Anderson v. Baxter, 285 Pa. 443; Vorbnoff v. Machine Co., 286 Pa. 199.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, November 26, 1928:

Claimant and her husband were residents of Pittsburgh; the latter died while in the employ of defendant corporation; his widow asked compensation on the ground that her husband's death resulted from a sarcoma due to an accident which occurred during the course of his employment. The petition, heard by a referee at Pittsburgh, resulted in an award in her favor; but, on appeal, the workmen's compensation board, against the protest of claimant, ordered a hearing de novo at Philadelphia. This hearing was fixed for the purpose of affording claimant an opportunity to cross-examine Dr. J. B. Carnett, who had been called in by the board as an expert to give that body his opinion as to whether the complaint of which deceased had died was due to the accident suffered by the latter while in the employ of defendant. Neither claimant nor defendant at-

tended or was represented at the Philadelphia hearing; nevertheless, without formally taking the testimony of Dr. Carnett, the board, acting on a written statement of his views, reversed the referee's award. Claimant appealed to the Court of Common Pleas of Allegheny County, and that tribunal entered an order sending the case back to the board "for further hearing and disposition." The board then held a meeting at Pittsburgh, where additional testimony for claimant was introduced, but none by defendant. Thereafter, for the second time, the board referred the record to Dr. Carnett, and, over plaintiff's protest, ordered another hearing at Philadelphia. At this hearing, defendant was represented by counsel but claimant was not. Dr. Carnett was duly sworn; he produced a supplementary report, together with his former written opinion, and stated that he had not changed his views as there expressed. This marked the extent of the hearing. Immediately thereafter the board filed another adjudication, entering an order which disallowed the award of the referee. Claimant again appealed to the Common Pleas of Allegheny County, which tribunal, as shown by its second opinion, reluctantly affirmed the final decision of the board. Claimant then appealed to this court.

By sections 417 and 424 of the amending Act of June 26, 1919, P. L. 642, 662, 664, the compensation authorities are authorized to "fix a time and place for hearing claims," and likewise, for hearings de novo; but the whole tenor and purview of the workman's compensation law dictates that the discretion to fix the place of hearing shall be used in such a way as not to defeat the humanitarian purposes of the statute. After properly assigning the petition to the district wherein the claimant lived, and starting the hearings there, it was an abuse of discretion to set a hearing de novo over three hundred miles away, at the other end of the State, and the more so, in the face of claimant's protest and known destitution.

We cannot say that it is not within the power of the compensation authorities to change the place of hearing from one district to another; but, unless such a change is agreed to by the claimant, the reasons which impel it should appear of record, and be of a nature to justify the action of the board; otherwise, the principal purpose of the act, to afford to injured employees and their dependents a more efficient measure of protection than was given to them under the law as it existed prior to the passage of this legislation, would be substantially defeated.

We agree with appellee that the burden of proof is upon the claimant, and, if the evidence to sustain that burden is not believed by the board, it may decline to grant an award thereon, or if, in the opinion of the board, such evidence is so indefinite and inconsistent that it cannot be accepted as a basis for a finding which would sustain an award, no compensation need be given.

Here, though the board formally states that, "after a careful review of all the testimony," it is convinced the ailment from which Seitzinger died "did not result from the accident which [he] sustained while in the course of his employment," yet the record before us shows its ultimate opinion was based on Dr. Carnett's report, rather than on what it conceived to be the inconclusiveness of the evidence produced by claimant.

Sections 420 and 422 (p. 663) of the Act of 1919 confer upon the compensation authorities power to make their own investigations and to employ the services of experts, when it appears necessary to them in order "to ascertain the facts," the latter section stating that "neither the board nor any referee shall be bound by technical rules of evidence in conducting any hearing or investigation." The act adds, however, that "all findings of fact shall be based only upon competent evidence." In McCauley v. Imperial Woolen Co., 261 Pa. 312, 325-6, we ruled that, though the compensation authorities could make liberal investigations and hear all helpful

evidence, yet their findings must rest on relevant and competent proofs; and this means, "evidence answering all requirements of the law": Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 205. See also Johnson v. Payne-Yost Const. Co., 292 Pa. 509, 514-15. As is well stated in Skinner's Pennsylvania Workmen's Compensation Law, page 207, "before the referee or board can base its findings upon facts ascertained from an independent investigation, the evidence of these facts should be submitted in the usual way, under oath, and the witness appear for examination and cross-examination." Here, the expert, who was accepted by the board as the most material witness in the case, and whose testimony concerned deductions drawn from the particular facts in the case and not from mere hypotheses, did not in any proper sense appear for examination and cross-examination, and therefore the judgment of the court below, approving the final action of the board in refusing to accept the award of the referee, must be reversed.

While in Carlin v. Coxe Bros. & Co., 274 Pa. 38, 41, we approved the action of the compensation board in seeking the advice of an expert, we there expressly stated that, without regard to this advice, "there was ample medical testimony to sustain the ultimate conclusion of the board," and that "the ultimate finding......was based solely on evidence brought on the record; [without regard to] extraneous matters." That cannot be said of the present case. Had the compensation authorities in the Carlin Case based, in whole or in part, a material finding on the advice of the expert called in by them, they would have been obliged to place such expert upon the stand, the same as any other material witness, so that he might be cross-examined by all parties in interest; for when an expert thus called goes beyond giving abstract scientific advice to enable the referee or the board to better understand the evidence before them, and applies his scientific knowledge to the underlying facts in a particular case, he becomes more

than a mere adviser to the compensation authorities and must be treated like any other witness subpœnaed by one of the parties.

In addition to the petition of appellant to obtain compensation for the death of her husband, the latter filed a petition to obtain compensation for disability, but died before it was heard. The widow was substituted as claimant, without objection on the part of defendant. After a hearing and a hearing de novo on this disability petition, the board made an award to the substituted claimant, covering compensation from the date when her husband stopped work, after the accident, to the date of his death, and also some items of incidental expense. In support of this award, the board found that, while the deceased had been injured in the course of his employment, and the disability was due to such injury, yet the sarcoma, or specific ailment, which caused his death, was "due to natural causes and was not caused by the injury." The latter finding, however, had no proper place in the adjudication of a claim for disability during life; such being the case, the fact that the award was not appealed from by either side does not make the finding in question res judicata. Finally, it may be noted, in connection with the adjudication under immediate discussion, that the record there shows very plainly that the board's conclusion, that the ailment from which the deceased died was not connected with the injury, rested on the advice of Dr. Carnett, rather than on any inherent weakness in or disbelief of the testimony produced by claimant. We say this because the board, although suggesting some points of weakness in claimant's proofs, instead of standing on these as the basis of its decision, says that, not being "entirely satisfied with the medical testimony......concerning......the cause of death, [it] referred the record to Dr. J. B. Carnett as an impartial expert," adding that Dr. Carnett, having given his opinion that "the sarcoma might possibly have been caused by the injury, but [that] it much more prob-

ably was not," and the board, being content with that opinion, "Therefore" concluded "that the injury did not cause the sarcoma and did not cause the death." If the opinion of this witness is to control, the present record shows no reason why he should not be produced at a hearing where claimant will have, what the workmen's compensation law entitles her to, a fair opportunity to cross-examine him without undue inconvenience and expense to herself.

The judgment of the court of common pleas and the order of the workmen's compensation board are both reversed, and it is hereby ordered that the record be remitted to the former, to be returned to the latter for a further hearing according to law.