Clemens *v.* Cornish, Appellant.

Argued November 28, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*O. J. Graham,* with him *C. F. Patterson* and *Gunnison, Fish, Gifford & Chapin,* for appellant.

*A. M. Milloy,* for appellee.

PER CURIAM, January 7, 1929:

The record before us, which contains evidence that claimant had a heat stroke during the course of her employment with defendant, includes expert medical testimony that she was paralyzed as the result of a cerebral hemorrhage due to heat stroke, and the experts in question could find nothing else in her condition or history to account for the paralysis.

Disability by heat or sunstroke is accounted accidental under the Workmen's Compensation Law: Lane v. Horn & Hardart Baking Co., 261 Pa. 329; Matis v. Schaeffer, 270 Pa. 141.

Acting under the authority of sections 420 and 422 of the Act of June 26, 1919, P. L. 642, 662, 664, the referee asked advice from and took the testimony of an expert called by the referee himself (see Seitzinger v. Fort Pitt Brewing Co., 294 Pa. 253, on the right to do this). The testimony of this expert would be a weak staff for either side to rely on, but the decision of the referee does not appear to have been based on it, and there was ample other evidence to sustain the award in claimant's favor. That award, having been sustained by both the board and the court below, will not be disturbed by us.

The judgment is affirmed.