### Wallace *v.* Allen et al., Appellants.

Argued October 10, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*James J. Burns, Jr.,* of *Willmann, Burns & Sack,* for appellants.

*Paul T. Negley,* for appellee, filed no brief.

Opinion by Parker, J., December 18, 1934:

John Wallace, the claimant in this workmen's compensation case, was injured while in the course of his employment with Frank E. Allen, a defendant; an open agreement for total disability was entered into and approved, and compensation was paid for several months when a petition to terminate was presented by the employer and his insurance carrier. That petition alleged that the claimant had completely recovered and was able to resume his regular work. The referee refused the petition and made an award for total disability. On appeal, the board affirmed the award and on appeal to the court of common pleas a judgment was entered for claimant. The defendants appealed to this court and here contend: (1) that the referee erred in refusing defendants' motion for a continuance, (2) that there was not sufficient competent evidence to support the award and final judgment, and (3) that certain costs were illegally placed upon defendants.

On hearing before the referee, evidence was offered by both parties, that of the defendants tending to show that claimant had made a complete recovery, and that of the claimant that he was still under a disability. With the exception of the testimony of the claimant, all of the evidence received was that of physicians and surgeons. The evidence of the experts called by the claimant was to the effect that he was suffering from pleurisy, mild peritonitis, and nephritis. This was forcibly contradicted by the defendants' experts. At the conclusion of the hearing, the evidence was so conflicting, confusing, and contradictory that the referee was constrained either to terminate the pending agreement and refuse compensation or to hear further evidence.

In this situation the referee very properly had recourse to the provisions of Section 420 of the Work-

men's Compensation Act (77 PS 831, 832) and with the consent of the board appointed two impartial experts to examine the claimant. Such an examination having been made, the experts were called as witnesses at an adjourned hearing where they testified under oath and were examined by counsel for all parties concerned. This was in exact accord with the provisions of Section 420 as interpreted by the Supreme Court in the case of Seitzinger v. Ft. Pitt Brew. Co., 294 Pa. 253, 144 A. 79. Also, see Ripani v. Dittman, 297 Pa. 124, 128, 146 A. 562; Clemens v. Cornish, 295 Pa. 73, 144 A. 821; Jones v. United Iron & Metal Co., 99 Pa. Superior Ct. 394, 399; Ellis v. Jones & Laughlin Steel Co., 111 Pa. Superior Ct. 252, 257, 169 A. 263. The testimony of these experts did not support the testimony of claimant's experts but was to the effect that the claimant, as a result of the accident was suffering from traumatic hysteria and was thereby totally disabled and not able to perform any profitable employment. There had not been any suggestion in the answer to the petition to terminate or in any of the evidence given prior to that time that the claimant was suffering from this malady. The experts called by the referee were specialists and one of them described himself as a specialist in neurology and psychology. The referee, in his findings of facts, after referring to an alleged injury to the diaphragm, said: "It is our opinion that the effects of the aggravation present today are not such as to totally disable the claimant." He further indicated that his final conclusion was predicated almost exclusively on the testimony of these two experts, saying: "We are of the opinion, however, that the injury and fright incident to the accident, the resultant disability suffered by the claimant, who at the time of the accident was an ignorant, illiterate, superstitious individual, precipi-

tated the traumatic hysteria, and that the claimant has been totally disabled as a result of the accident.''

On the completion of the testimony of the first expert, counsel for defendants immediately made a motion on behalf of the defendants for a continuance ''so that the claimant could be examined by a neurologist of the defendant and have an opportunity to testify at further hearing.'' This was refused by the referee in the following language: ''This is a most unusual request from counsel for defendant in any case, after the services of a disinterested, impartial physician have been called for and testimony introduced, to ask permission to contradict the testimony of a disinterested, impartial physician. We think it is a bad precedent to set and we refuse it. Exception noted.'' At the conclusion of the hearing the same motion was renewed and again refused.

The refusal of these motions is the first ground urged by the appellant for a reversal and was pressed before the board and the court of common pleas. We are of the opinion that the ruling of the referee, affirmed on the previous appeals, was founded upon a premise which cannot be sustained and amounted to an abuse of the legal discretion vested in the authorities designated to hear such complaints as we have here.

The referee fell into error in basing his ruling as to the continuance on the principle that it was improper to contradict the testimony of a disinterested, impartial physician. It appears to us as a novel suggestion that the testimony given by an expert called by the referee should be conclusive, for such would be the result of adopting the course followed by him. In Seitzinger v. Ft. Pitt Brew. Co., supra (p. 259), the former Chief Justice pointed out that in such a case the referee is ''obliged to place such expert upon the stand, the same as any other material witness, so that

he might be cross-examined by all parties in interest; for when an expert thus called goes beyond giving abstract scientific advice to enable the referee or the board to better understand the evidence before them, and applies his scientific knowledge to the underlying facts in a particular case, he becomes more than a mere adviser to the compensation authorities and must be treated like any other witness subpoenaed by one of the parties.'' Such testimony is received subject to the same rules of evidence as that of any other witness of the same general character. In arriving at a conclusion, however, the referee or board must weigh all the testimony and should take into account in determining the weight to be given to any particular witness the interest which the witness has in the controversy. It is a fundamental requirement of the law, even in compensation cases, that a witness appear not only for examination and cross-examination under oath, but that the parties shall have a right to be heard through their counsel and witnesses. The position of the referee was clearly incorrect.

This leaves for consideration a question as to whether the compensation authorities abused the legal discretion vested in such persons to control the order of proof. The courts have not been inclined to allow technical rules of procedure adopted from the common law to stand in the way of affording a full hearing to claimants for the purpose of determining their right to receive compensation under the law with which we are concerned, and by the same token the employer should receive like consideration. The pleadings gave no notice of the nature of the ailment from which the plaintiff claimed to be suffering and there was not a hint in any of his evidence that it was traumatic hysteria. In fact, the entire claim had been based on actual physical injury to parts of the body other than the nervous system. Traumatic neurosis

and traumatic hysteria have baffled the medical profession and have been a cause of concern in all departments of the law involving damages sustained by reason of physical injuries. A correct determination of the conditions in a particular case would seem to justify the fullest investigation when dealing with such ailments. The defendants did not have an opportunity to answer this new contention and yet the award, as the report of the referee shows, is based almost exclusively, if not entirely so, on the testimony of the experts chosen by the referee. While in hearings before a referee it is proper to insist on orderly procedure, there is not the same necessity to adhere to the usual order of proof as in cases of trial by jury. We are of the opinion that the defendants were deprived of a legal right and that the case should be referred back to the board to give the defendants an opportunity to rebut the testimony given by the two experts called by the referee.

There is not any merit in the second contention that there was not sufficient legally competent evidence produced to support a finding for claimant. The testimony of the two experts, if credited by the fact-finding authorities, is sufficient. They testified, after an examination of the claimant, to a causal connection between the accident and the present condition of claimant and that the claimant was totally disabled. This was all that was in controversy on the merits.

When the case is referred back to the board, they should comply with the provisions of Section 421 in fixing as costs any liability for the compensation of the physicians, surgeons, and experts called by the referee that may be placed on either party.

The judgment of the court below is reversed, and it is directed that the record be remitted by that court to the board for the purpose of further proceedings not inconsistent with this opinion.