Opinion by
 

 Baldrige, J.,
 

 The claimant, 68 years of age, was injured in the course of his employment on February 26, 1936, about 3:30 p.m. when he was attempting to open the door of a machine which cleaned empty cement sacks. The chain by which the door was operated broke and the door flew open, releasing about 300 sacks therein which fell against him. The impact threw him to the floor and as he was falling he hit a bench and injured his left side. He finished his day’s work at 4 o’clock. That night he did not feel well and retired about 9 p.m. The following day he called his physician, Dr. Louis Ignelzi, who testified that claimant had a myocardial degeneration about two years previous to this injury but had recovered sufficiently to be able to work practically every day; that he was “suffering from a slight condition of
 
 *494
 
 the lower chest wall, in the mid-axillary line, but the main trouble with this individual was not this injury but the heart condition which had been aggravated as result of this accident.” Dr. Ignelzi expressed the opinion that the accident totally disabled the claimant.
 

 Dr. Schleiter, called in behalf of defendant, testified, in chief, that he examined the claimant on April 13, 1936, and, in his judgment, at that time he was recovering from the effects of the injury, although he was not yet able to do any work; that he had a higher pulse pressure than normal but that condition did not necessarily indicate a cardiac insufficiency. He stated that claimant was not suffering from any physical disability due to a defective heart and that the accident did not aggravate a pre-existing heart condition. This witness, however, admitted on cross-examination that he was unable to state from the one examination he had made whether claimant’s injury aggravated a pre-existing heart condition.
 

 Dr. Carpenter, another witness called by the defense, testified that he had examined claimant’s left shoulder, elbow, chest, and back on March 11, 1936, and found no sign of injury; but he did not testify as to the condition of claimant’s heart.
 

 Dr. Heard, a heart specialist who was appointed as an impartial witness by the referee, testified that upon examination of the claimant he found him to be totally disabled due to a myocardial decompensation which had been existing for years; that, while at the time of the accident his heart condition was aggravated to some extent, he did not attribute his disability to the injury, but to an arteriosclerosis heart disease.
 

 The referee awarded compensation, and his action was affirmed by the board. Upon appeal, the learned court below dismissed exceptions to the board’s findings and conclusions of law. We must accept the findings of the compensation authorities if there is any compe
 
 *495
 
 tent and relevant evidence to support them:
 
 Younch v. Pgh. Term. Coal Corp.,
 
 118 Pa. Superior Ct. 396, 400, 180 A. 30;
 
 Baumann v. Howard J. Ehmke Co. et al.,
 
 126 Pa. Superior Ct. 108, 111, 190 A. 343.
 

 The defendant argues that the compensation authorities in granting an award were guilty of abuse of discretion as they either disregarded or discredited the testimony of the impartial physician. Section 420 of the Act of June 26, 1919, P. L. 642 ( 77 PS §831), provides: “The board, or referee with the consent of the board, may appoint one or more impartial physicians or surgeons to examine the injuries of the plaintiff and report thereon, or he may employ the services of such other experts as ¡shall appear necessary to ascertain the facts.” This act, giving authority to make such appointment, does not expressly state, nor does its language fairly imply, that the compensation authorities are compelled to accept the opinion expressed by such a physician. He may aid by giving the referee or the board the benefit of his professional advice on the matter under consideration. If he is sworn as a witness, his testimony, as all other testimony, should be given careful consideration, but it is not necessarily conclusive. The weight to which it is entitled must be determined by the finders of fact. As pointed out in
 
 Seitzinger v. Fort Pitt Brewing Co.,
 
 294 Pa. 253, 259, 144 A. 79, if an expert summoned by a referee or the board “goes beyond giving abstract scientific advice ......and applies his scientific knowledge to the underlying facts in a particular case, he becomes more than a mere adviser to the compensation authorities and must be treated like any other witness subpoenaed by one of the parties.” Dr. Heard in giving his opinion based upon the facts of this case became a witness. His testimony was governed by the same rules of evidence as that of any other witness. He was subject to cross-examination and his testimony could be contradicted:
 
 *496
 

 Wallace v. Allen et al.,
 
 115 Pa. Superior Ct. 347, 352, 175 A. 878.
 

 Taking into consideration that there was proof that claimant had worked steadily for years prior to the accident and had been ill for only a few weeks from influenza in 1933, together with the testimony of Dr. Ignelzi, we cannot say there was not legally competent evidence to support an award.
 

 We are of the opinion that this case was correctly decided by the learned court below.
 

 Judgment affirmed.