# Brusco, Appellant, *v.* Philadelphia Rapid Transit Company.

Argued December 17, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Alexander F. Barbieri,* for appellant.

*George H. Detweiler,* with him *Bernard J. O'Connell,* for appellee.

OPINION BY CUNNINGHAM, J., February 28, 1942:

The controversy in this workmen's compensation case boils down to a single and plain issue of fact, viz.,

whether the appellant-employee, Vincent Brusco, has been suffering since October 30, 1937, any disability attributable to a head and ear injury accidentally sustained by him on February 8, 1937, during the course of his employment as a car cleaner with the appellee-transit company, and, if so, the extent of his disability.

Following the accident of February 8, 1937, the parties executed and the board approved an open agreement for compensation for total disability. Payments were made under the agreement until June 1, 1937, when appellant returned to lighter work than he had been doing when injured. He continued at this employment, with some difficulty, and was paid wages, at least equal to those he had been receiving, until October 30, 1937. At this point a sharp and irreconcilable conflict in the testimony arose. Appellant says he was discharged and subsequently refused light work when he applied for it. Appellee says he "simply dropped out of sight" after October 30, 1937; but there is an unreversed finding by a referee that he was "laid off."

Leaving that as an open question, it is clear that the company performed its full duty to appellant up to October 30, 1937, either by making the payments called for by the agreement or paying him full wages.

Upon that date the appellee quit making payments of any kind to appellant, but took no action looking toward a modification or termination of its existing agreement with him until March 2, 1938, four months after it ceased making payments. On that date it filed the petition for termination which precipitated the present controversy. In filing its petition appellee made no attempt to comply with the applicable statute. From this point on, the merits of the case have been so obscured by technicalities, misunderstandings by subsequent referees and boards of the actions and orders of their predecessors, and errors of law by the court below, that the burden of proof, which never shifted from the

appellee and was never met by it, has been transferred to the appellant.

It would be a waste of time and effort to detail the history of these proceedings before different referees and boards during the last four years. We have concluded that the ends of justice will be best served by vacating the order of termination entered by the court below, June 21, 1941, and returning the record to the board in order that the appellee may be afforded an opportunity to comply with the provisions of the applicable statute, and, if it so desires, file a new petition for modification or termination of the existing agreement.

The record contains considerable conflicting medical testimony upon the extent of appellant's disability subsequent to October 30, 1937, but the compensation authorities have made no definite findings upon the real issues involved. For instance, after the first referee had mistakenly assumed that the question before him was whether appellant's disability had ceased when he returned to work on June 1, 1937, and had made a finding to the effect that it had ceased at that time, the board properly returned the record to the referee "for the purpose of determining the condition of the claimant after October 30, 1937," adding "it seems that the claimant worked with a partial disability from June until October." No finding has as yet been made upon the issue thus defined by that board.

A major portion of the confusion apparent upon the face of this record is attributable to the manner in which the appellee prepared and filed its petition for termination. It contained no specific averment that appellant's disability "terminated" as of any particular date. The primary source of the insurmountable difficulties disclosed by the record is the erroneous assumption by counsel for the appellee—and the subsequent erroneous holding by the court below— that the amendment of 1937 to Section 413, (Act of June 4, 1937, P. L.

1552, 77 PS §§771-774), under which section the petition was filed, did not apply to this case. This section is one of the procedural provisions of the act. It became effective January 1, 1938, and as the petition was not filed until March 2, 1938, it, of course, was the statute with which appellee was required to comply. See *DeJoseph v. Standard Steel Car Co. et al.*, 99 Pa. Superior Ct. 497; *Seneca v. Yale & Towne Mfg. Co. et al.*, 142 Pa. Superior Ct. 470, 16 A. 2d 754, and *Vetrulli v. Wallin Concrete Corporation et al.*, 144 Pa. Superior Ct. 73, 18 A. 2d 535.

The amendment of 1937 specifically provided (77 PS §774) that the filing of a petition to terminate or modify an agreement shall not operate as a supersedeas "unless such petition contains an affidavit by a physician that he has examined the claimant, a percentage estimate of the extent of disability, and that the petitioner, in his opinion, is entitled to the relief prayed for in the petition." No such affidavit was atttached to the petition.

Moreover, it is also provided therein that "payment must be made up to the date of the filing of the petition to terminate." Appellee neither made nor tendered payment of the compensation which accrued under the agreement between October 30, 1937, and the date of the filing of the petition. It is difficult to see how appellee can equitably invoke the remedy of modification or termination without having first complied with this provision of the statute. The first and tenth assignments of error are sustained.

The judgment entered June 21, 1941, in favor of the appellee is vacated; the record is remitted to the court below to the end that it be remanded to the board for further proceedings consistent with this opinion.