Kochinsky *v.* Independent Pier Company et al., Appellants.

Argued September 29, 1944. Before KELLER, P. J., RHODES, HIRT, RENO and JAMES, JJ. (BALDRIGE, J., absent).

*Frederick L. Fuges,* with him *Ralph N. Kellam,* for appellants.

*Edward I. Weisberg,* with him *Maurice Freedman,* for appellee.

OPINION BY RHODES, J., March 5, 1945:

Claimant received a back injury on July 26, 1938, in the course of his employment with defendant as a stevedore. He was paid compensation for total disability under an agreement approved August 23, 1938. On December 8, 1938, the employer filed a petition to terminate. After hearing, this initial petition to terminate was dismissed and no appeal taken from the action of the Workmen's Compensation Board by the employer. The employer continued paying compensation to claimant until October 22, 1940, when it filed a petition under the second paragraph of section 413 of the Act of June 2, 1915, P. L. 736, reenacted and amended by the Act of June 21, 1939, P. L. 520, 77 PS §772, alleging that "Claimant's disability decreased to 50% on or before October 7, 1940." This petition is the basis of the present appeal.

Claimant filed a responsive answer denying his disability had decreased to 50% and alleging it remained the same. A hearing was held before a referee. The employer offered the testimony of a private detective who followed claimant and took moving pictures of him in an effort to show that claimant was malingering. The employer's medical expert testified that claimant's disability was reduced to a 50% disability. Claimant's medical experts testified that claimant's condition had not improved and that he remained totally disabled. The referee made a finding of 65% partial disability.

Claimant appealed to the board which, in view of the diversity of medical opinion presented by the experts on each side, ordered an impartial expert appointed to examine claimant and report at a hearing

before the referee. The impartial medical expert, Dr. Thomas J. Ryan, testified he did not believe claimant was suffering to the extent he claimed, and that, in his opinion, claimant was able to do the work of a stevedore. Whereupon, claimant's counsel asked leave to present expert testimony in rebuttal. At an adjourned hearing claimant produced Dr. G. S. Levinthal who testified claimant was totally disabled when he examined him on January 23, 1942.

The referee, on May 6, 1942, found all disability ceased as of October 1, 1941, and ordered compensation terminated as of that date. On appeal by claimant, the board affirmed the findings of the referee, stating, inter alia: "The referee terminated compensation, predicated largely upon the acceptance of the testimony of the impartial expert, which testimony we find, upon examination, fully supports the referee's findings. *As a general rule, the testimony of such an expert is accorded greater consideration than that given to the conclusions expressed by witnesses called on behalf of either party in interest for the reason that such witness is presumed to be unbiased and without personal interest in the effect his testimony will have in the ultimate result."* (Italics supplied.)

The court below, on appeal, held that there was ample testimony to support the board's findings, but felt required to reverse the board on a matter of pleading. It held that, as defendant's petition of October 22, 1940, did not ask for complete termination but only for a modification to the extent of 50% disability, the board had no power to give defendant more than it asked for. The court felt that to this extent defendant was confined to the relief asked for in its petition to modify. Accordingly it reversed the board and ordered an award made to claimant—apparently to the extent of a 50% partial disability.

We are of the opinion that the case must be returned to the board.

We do not agree with the court below that the board was precluded, under the pleadings and procedure in this case, from accepting the testimony of the impartial expert, if, as the fact-finding body, it felt his testimony was conclusive, and entering an order terminating compensation. Proceedings before the compensation authorities are not "litigation," and the strict rules of pleading and practice applicable to common law actions do not apply. The courts take a liberal attitude toward the pleadings in compensation cases and consider the substance of the relief prayed for rather than its form. *Virtue v. J. Lee Plummer, Inc., et al.*, 111 Pa. Superior Ct. 476, 479, 170 A. 443; *Thatcher v. Weinstein et al.*, 154 Pa. Superior Ct. 368, 373, 35 A. 2d 549; *Hill v. Booth & Flinn Co. et al.*, 146 Pa. Superior Ct. 575, 580, 23 A. 2d 85.

Of course, the parties are entitled to know the issue in any particular proceeding so that they may be prepared to meet it by proper evidence. There are certain minimum standards, and the rules of pleading must be observed in a broad and general sense. For instance, it may be said that an employer cannot equitably invoke the remedy of modification or termination without complying with the provisions of the statute. *Brusco v. Philadelphia Rapid Transit Co.*, 148 Pa. Superior Ct. 97, 100, 24 A. 2d 710. Under the second paragraph of section 413 of the Workmen's Compensation Act, supra, 77 PS §772, which is applicable in the present case, the board is given very broad powers.

The employer's petition was captioned a "Petition for Termination or Modification" of agreement or award. After the impartial expert had given his opinion that claimant's disability had completely and fully terminated, claimant's counsel was entirely cognizant of the issue. Counsel for claimant requested and was given an opportunity to produce rebuttal testimony; the hearing was adjourned and rebuttal testimony introduced by calling Dr. Levinthal.

It seems to us that counsel for the employer should have requested leave to amend the petition to include termination. Such amendment may be made when the case is returned to the board if granting the amendment will not prejudice claimant's case. As a matter of fact, claimant had the opportunity to, and did, present rebuttal testimony on that issue. Consequently, under the circumstances, a matter of pleading, in itself, should not prevent termination by the board.

But there is another reason which prompts us to remit the record to the board for further hearing and determination. The board apparently felt that the testimony of the impartial medical expert appointed by it was entitled to greater weight than that of any other expert. In this respect the board said: "As a general rule, the testimony of such an expert is accorded greater consideration than that given to the conclusions expressed by witnesses called on behalf of either party in interest for the reason that such witness is presumed to be unbiased and without personal interest in the effect his testimony will have in the ultimate result." We think this is a mistaken and erroneous view of the law. The board is not bound to believe the testimony of the impartial expert, appointed by it, simply because of his position. His testimony is not ipso facto entitled to any greater weight than that of any other duly qualified expert. Certainly no "general rule" can be laid down as the basis for accepting or rejecting the testimony of an impartial expert. His impartiality, or lack of it, is a matter to be considered by the finder of the facts, along with many other factors which may affect credibility. And it may well be that after considering all these factors in a particular case, the fact-finding body may believe the impartial expert to the exclusion of all others. A statement, however, that generally his position entitled his testimony to greater weight is a clear error of law. Our cases so indicate.

In *Ciello v. D. J. Kennedy Co. et al.,* 131 Pa. Superior

Ct. 492, 200 A. 147, the defendant argued that the compensation authorities were guilty of an abuse of discretion in granting an award as they either disregarded or discredited the testimony of the impartial physician who stated the disability was not attributable to the injury. After quoting section 420 of the Act of June 26, 1919, P. L. 642, 77 PS §831, giving the board or referee authority to appoint an impartial medical expert, Judge BALDRIGE (now President Judge) stated (page 495): "This act, giving authority to make such appointment, does not expressly state, nor does its language fairly imply, that the compensation authorities are compelled to accept the opinion expressed by such a physician. He may aid by giving the referee or the board the benefit of his professional advice on the matter under consideration. If he is sworn as a witness, his testimony, as all other testimony, should be given careful consideration, but it is not necessarily conclusive. The weight to which it is entitled must be determined by the finders of fact."

In *Wallace v. Allen,* 115 Pa. Superior Ct. 347, 351, 175 A. 878, we also said that the testimony of an impartial medical expert, appointed by either the referee or the board, is not conclusive, and the compensation authorities are not bound to accept it.

Again in *Johnson v. Valvoline Oil Co.,* 131 Pa. Superior Ct. 266, 278, 279, 200 A. 224, we said that the testimony of an expert witness is by no means conclusive upon the compensation authorities; that they are not bound to believe it or give it any special weight; that it is the prerogative of the compensation authorities to give the testimony of witnesses such consideration as it may deserve, and accept or reject it in whole or in part accordingly.

The order of the court below is reversed; the record is remitted to the court below with direction to return it to the board for further proceedings not inconsistent with this opinion.