Opinion by
 

 Rhodes, P. J.,
 

 This is a workmen’s compensation case in which claimant has appealed from the order of the court of common pleas affirming the Workmen’s Compensation Board which granted defendants’ petition to terminate a compensation agreement, and dismissed claimant’s petition for the allowance of additional medical or hospital service under section 306 (f) of the Workmen’s Compensation Act of June 2,1915, P. L. 736, as renumbered and last amended by the Act of May 18,1945, P. L. 671, §1, 77 PS §531. ■
 

 Claimant accidentally fell from a ladder while at work on October 16, 1945, for his employer. He was treated at the Germantown Hospital, and his injury was described as a molecular fracture of the left oscalcis and contusion of the right ankle. A compensation agreement was signed under which claimant was paid for total disability. On December 15, 1945, the sixty-day period within which the employer was liable initially for medical and hospital expenses terminated. On December 18, 1945, claimant filed his petition pursuant to section 306 (f) of the Workmen’s Compensation Act, 77 PS §531. Claimant’s petition was dismissed on March 7, 1946, after hearing. On June 16,1946, defendants filed a petition to modify the compensation agreement to provide for partial disability instead of total disability; on September 25,1946, they filed a petition for termination. The referee dismissed the petition to modify but granted the petition to terminate the compensation agreement as of September 23,1946, and terminated compensation as of that date. The action of the referee was affirmed by the board, and the court of common pleas has dismissed claimant’s appeal.
 

 
 *87
 
 The primary question presented to us is whether the finding of the board that all disability of the claimant caused by the accident of October 16, 1945, had terminated on September 23, 1946, is supported by competent and substantial evidence sufficient to justify the finding. This is purely a factual issue which has been resolved against the claimant by the board, and on the record presented to us the board’s findings and conclusions will not be disturbed.
 

 The clinical record of the Germantown Hospital shows that the cast was removed from claimant’s left leg on December 5, 1945. On December 10, 1945, an X-ray examination was made, and on December 14,1945, a further examination showed that the fracture had united. An examination by Dr. J. A. Allen at the Germantown Hospital on May 27, 1946, disclosed the fol-abdomen, general posture extremely poor. Feet very pro-
 

 “Patient stands with marked lordosis, prominent lowing: nated.
 

 “Examination of spine reveals no muscle spasm with motion. Lumbar muscles are very contracted. There is good motion through subastragular joint of both feet. No points of tenderness. Marked pronation bilateral. Patient very apprehensive of any attention to left foot.
 

 “Impression: Fracture of left osealcis well healed, with no joint arthritic. Symptoms in feet, knees and back best explained on postural basis. This man gained 18 lbs. in weight during a period when foot musculature was losing tone. The present arch supports should be satisfactory.
 

 “There is a tendency to exaggerate complaint. Further treatment should be directed to general postural measures.”
 

 Dr. L. E. Snodgrass, who examined claimant on September 17, 1946, testified that claimant had fully recovered from the fractured heel bone and expressed the
 
 *88
 
 opinion that claimant would be much better if he were working. Dr. Eugene J. Garvin was appointed as an impartial medical expert, and he examined claimant on January 7, 1948. He testified that claimant’s symptoms bore no relation to the injury suffered on October 16, 1945; that the injury to his left oscalcis ivas not severe; that such injury at the most results in six months’ disability ; that there was no clinical or X-ray evidence at that time of claimant’s having any symptoms referable to this fracture; that claimant was able to do the work he had been performing at the time he was injured. Dr. Joseph A. Furey, who gave osteopathic treatments to claimant, testified that in his opinion claimant was unable to work as he did prior to his injury on October 16, 1945; and that claimant’s condition producing this result was permanent.
 

 It is not for our courts to attempt to reconcile conflicting medical testimony, or to review as a matter of law the credibility of medical witnesses.
 
 Visnic v. Westmoreland Coal Co.,
 
 155 Pa. Superior Ct. 199, 204, 38 A. 2d 539. The board’s finding was clearly supported by the competent medical testimony, and we find no capricious disregard of any evidence by the board.
 

 Claimant now contends that he should receive reimbursement for thirty days’ additional hospital treatment beyond the sixty-day period under the provisions of the Act of June 2, 1915, P. L. 736, §306(f), as renumbered and last amended, 77 PS §531. This section of the Act provides, inter alia, that “hospital treatment, services and supplies shall be furnished by the employer for the said period of sixty days, except that the board, upon petition of the claimant, may grant an additional thirty days.” The sixty-day period expired on December 15, 1945, and claimant’s petition of December 18, 1945, was dismissed by the refereé on March 7,1946, on the ground that he was not entitled to further payment for medical services by defendants as he had refused to accept com
 
 *89
 
 petent and adequate treatment beyond the sixty-day period which had been offered by them. At the time the petition was filed claimant was taking physiotherapy treatments at the Germantown Hospital which consisted of baking and massage. The same type of service was available to claimant at the clinic of the Maryland Casualty Company, insurance carrier for the employer; but these services claimant declined to accept.
 

 At the hearing before the referee on February 26, 1946, claimant testified that he had continued at the Germantown Hospital three days a Aveek. At that hearing claimant Avas again offered further treatments Avhich Avere to be furnished and paid for by defendants. In refusing this offer claimant replied “I absolutely refuse,” although admitting that the treatments offered Avobld be the same as at the hospital. Claimant continued to report at the Germantown Hospital for treatment until May 27, 1946.
 

 Upon petition the board might have directed the employer to furnish at its expense additional hospital treatment for claimant for a period of thirty days beyond the sixty-day period; but the board took no such action, and under the circumstances the employer could not be required to pay for the additional services which claimant had had furnished to him. See
 
 Pickens v. State Workmen’s Insurance Fund,
 
 140 Pa. Superior Ct. 258, 263, 13 A. 2d 896. Defendants paid the Germantown Hospital for the services rendered Avithin the sixty-day period, and the hospital billed claimant directly for all treatments after December 14, 1945.
 

 We find nothing in the record before us which would afford a basis for an assertion that there was any abuse of discretion by the board.
 

 Order of the court beloAV is affirmed.