Silvers, Appellant, *v.* Philco Corporation.

Argued October 5, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Mitchell E. Panzer,* with him *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*Louis Wagner,* with him *Richard A. Smith,* for appellees.

OPINION BY WOODSIDE, J., March 16, 1954:

This is an appeal by a claimant in a Workmen's Compensation case, from the Court of Common Pleas No. 1 of Philadelphia. The court affirmed the Board which had affirmed the referee.

The claimant, a machine operator, incurred an injury while at work in defendant's plant on June 15, 1948. At the time of the injury he was working on a welding machine which he operated by depressing a metal pedal with his foot. While thus engaged his left foot slipped off the side of the pedal. This sudden release of pressure caused the pedal to rise rapidly, and rub against the inner side of appellant's left leg.

Claimant filed his original claim petition on March 25, 1949, alleging that he had sustained phlebitis of the left leg as a result of the accident.

Claimant's medical expert, Dr. Norman Skversky, testified at the second of two hearings before the Referee, that he had examined claimant between March 5, 1949 and May 2, 1949, and that in his opinion the claimant was suffering from thrombophlebitis as a direct result of the accident. The defendant's medical experts, Dr. Henry S. Kinloch and Dr. Joseph T. Klauder, testified that in their opinion the claimant was suffering from an exzematous rash, which was not attributable to the accident but was rather the result of varicose veins.

In the decision dated March 23, 1950 the Referee found that the accidental injury resulted in phlebitis; and claimant was awarded compensation from March 15, 1949, the date upon which he ceased work as a result of the disability, until October 5, 1949, the date upon which he returned to work.

Both parties appealed to the Workmen's Compensation Board, the defendant contending that the claimant's medical testimony did not support the Referee's allowance of benefits, and the claimant contending

that the evidence did not warrant a finding that his disability ended on October 5, 1949.

At the request of claimant the case was remanded to the Referee for the purpose of taking additional testimony. Between October 10, 1950 and July 31, 1952, during which period additional hearings were held, the claimant (on October 4, 1951) filed a Supplemental Claim Petition, seeking partial disability subsequent to October 5, 1949. Hearings thereafter held were upon both the original and the supplemental petitions.

At these hearings, Dr. Skversky, in testifying as claimant's medical expert, indicated that although he had examined the claimant subsequent to the referee's original decision he had not seen any indications of thrombophlebitis. He was of the opinion, however, that claimant was suffering from lymphedema which he felt was an outgrowth of the thrombophlebitis and that therefore there was a causal connection between the accident and the lymphedema.

Dr. Raycroft C. Jones, testifying as the defendant's medical expert, indicated that he had examined the claimant on June 18, 1948 (three days after the accident) and that he felt the Claimant's present condition was not due to the injury but was rather the result of some "less acute affair."

Dr. David N. Kremer, testifying as the impartial medical expert of the referee, supported in large measure the testimony of Dr. Skversky. His opinion was based largely on a reading of the prior record since he had not examined the claimant until long after the injury had been incurred.

The referee in his decision of September 24, 1952, found that the claimant's disability from March 8, 1949 until October 5, 1949 was a direct result of the accident, and accordingly awarded compensation for that period. He further found that the disability suffered after that period was not the result of the acci-

dental injury, and therefore denied compensation for the time subsequent to October 5, 1949.

The claimant appealed to the Workmen's Compensation Board which affirmed the decisions of the referee. Upon appeal to the court the Board's decision was affirmed.

The primary question presented to us is whether the finding of the Board that all disability of the claimant caused by the accident of June 15, 1948 had terminated on October 5, 1949 is supported by substantial competent evidence sufficient to justify the finding. This is a factual issue which has been resolved against the claimant by the Board. Unless there is an absence of such substantial competent evidence the Board's findings and conclusions will not be disturbed. See *Houlihan v. Joseph J. Scheiter & Co.*, 166 Pa. Superior Ct. 85, 87, 70 A. 2d 431 (1950).

At the numerous hearings held in this case conflicting medical testimony was adduced. The claimant's witnesses testified that there was a direct causal chain from the accident to the thrombosis and thence to the lymphedema. The defendant's witnesses deny this, indicating that after October 5, 1949 the claimant's condition was the result of natural causes.

The Board after analyzing the conflicting medical testimony affirmed the Referee's conclusion that there was no causal connection between claimant's condition and the accidental injury after October 5, 1949. It was within the province of the Board to so hold. *Darmopray v. Budd Mfg. Co.*, 169 Pa. Superior Ct. 200, 205, 82 A. 2d 341 (1951).

It is the claimant's contention that the Referee's and the Board's findings are inconsistent in that they award compensation for a portion of the time during which he claims disability but deny compensation for the remainder of the period. However, it was within the province of the Referee and the Board to believe

that portion of the claimant's evidence which indicated that the phlebitis was the result of the accident, and to reject that portion of claimant's testimony which purported to show that the subsequent lymphedema was also attributable to the accident.

Although the claimant seeks to show that his condition was the result of one continuous chain of circumstances, there is no evidence indicating that he suffered from phlebitis subsequent to October 5, 1949. Thus the burden of proving causal connection between the lymphedema and the accidental injury remained with the claimant.

Much emphasis has been placed by the Claimant upon the fact that the impartial medical expert appointed by the Referee agreed in most respects with the claimant's medical expert. However, the Referee and the Board were not bound by the testimony of the impartial medical expert. *Ciello v. D. J. Kennedy Co.*, 131 Pa. Superior Ct. 492, 495, 200 A. 147 (1938). The trier of fact is not required to accept even uncontradicted testimony as true. See *District of Columbia's Appeal*, 343 Pa. 65, 79, 21 A. 2d 883 (1941).

The fact finding agency ruled adversely to the claimant who had the burden of proof and ". . . the question before the Court is whether the Board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence. Unless the answer is in the negative the order must be affirmed." *Sulewski v. Baldwin Locomotive Works*, 168 Pa. Superior Ct. 346, 77 A. 2d 715 (1951); *Gill v. Fives*, 170 Pa. Superior Ct. 564, 568, 88 A. 2d 109 (1952).

Our consideration of the record discloses no arbitrary and capricious disregard of the competent evidence such as would require a reversal.

Order affirmed.