**Zilek, Appellant, v. C. C. Coal Company.**

Argued April 17, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*William J. Krzton,* for appellant.

*Irwin M. Ringold,* for appellee.

OPINION BY WATKINS, J., June 11, 1958:

This is an appeal in a workmen's compensation case. On March 20, 1950 a mine roof caved in and struck the legs of Mike Zilek, the claimant, while in the course of his employment by C. C. Coal Company, the defendant appellee, causing him to fall backwards, striking his head over the left occipital region so that he suffered injury to the left inner ear, with loss of hearing and dizziness. He was paid compensation for total disability until May 28, 1951 under an open compensation agreement. Beginning May 29, 1951 by stipulation of the parties, the agreement was modified to 50% partial disability which was paid up to December 26, 1955, the end of the 300-week period allowed for partial disability.

A petition for reinstatement was filed on March 29, 1956 alleging that his condition is worse and that he is now totally disabled. The company appellee filed an answer denying these allegations. The referee dismissed the petition and found as a fact that the disability remains partial so that the claimant has already been paid all legal compensation due. The board agreed with the referee and the court below affirmed the board.

The issue here, where the decision of the board is against the party having the burden of proof, is wheth-

er the board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without capricious disregard of the competent evidence. *Silvers v. Philco Corp.*, 175 Pa. Superior Ct. 246, 103 A. 2d 286 (1954).

The court below carefully reviewed the testimony as follows: "True, the claimant did call Dr. J. P. Grunnagle, who testified (P. 6 et seq.) that after examination of the claimant and study of the medical record there was found an injury to the left cochlia and semicircular canals; x-rays of the skull were negative, so was an electro- encephalogram. Treatment was given claimant to the left eye and left ear, examinations in January 1951 revealed substantially the same findings. This doctor saw the claimant for the third time, September 9, 1952, when again there were complaints of dizziness and deafness of the left ear, and at that time this claimant's physcian declares the deafness and dizziness probably resulted from a skull fracture, suggested x-rays to rule out the possibility of a tumor, but no such x-rays of the skull were taken. This doctor made his last examination of the claimant, March 6, 1956, confirmed the findings as before, declared some light work of a general character could be done by the claimant.

"Defendant's medical expert, Dr. I. M. Pochapin, examined the claimant on October 26, 1956, gives it as his expert opinion (PP. 47, 56) that while there is total loss of hearing in the left ear, and anxiety, said claimant could perform tasks of a light nature and is not totally disabled. Defendant's private investigator, L. E. Meyer, testified (P. 59) to his observation of the claimant doing some work, October 27, 1956, helping to load a small truck with sheets or shingles. And to the same effect—as to claimant's capacity to work, pick up red dog, scatter it, use a scythe, mow weeds—was

the evidence (PP. 64, 65) of defendant's witness, Max Bosick. Without going into further detail as to the testimony of the claimant, himself—some of it not particularly helpful to his case (PP. 32, 33)—there is an issue here as to total or partial disability, a factual question to be considered and determined by the compensation authorities".

From the review of this testimony it is apparent that the findings of the compensation authorities are supported by competent evidence. The question of the extent of physical disability is a complex factual matter, dependent on many variables. *Winters v. State Wk. Ins. Fund,* 136 Pa. Superior Ct. 293, 7 A. 2d 112 (1939). As was well said by the court below, "we must not direct the board how to find the answers to such questions involving as they do, physical ability, earning power, degree of activity, fast work or slow work. See DeBattiste v. Laudadio, 167 Pa. Superior Ct. 38, 73 A. 2d 784 (1950)."

The board alone must weigh conflicting testimony, make its findings from the direct evidence and inferences arising therefrom. In a workmen's compensation proceedings, the tryer of facts is not required to accept even the uncontradicted testimony as true. *Silvers v. Philco Corp.,* supra. So it is the board's province to accept or reject conflicting testimony, lay and expert, in part or in whole, and the credibility of an expert witness as determined by the board is not reviewable as a matter of law. *Malik v. Uniontown,* 172 Pa. Superior Ct. 562, 94 A. 2d 151 (1953).

The order is affirmed.