## Allen, Appellant, *v.* Patterson-Emerson-Comstock, Inc.

Argued April 18, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*William J. Krzton,* with him *Louis Vaira,* for appellant.

*Murray J. Jordan,* with him *Fred J. Jordan,* for appellee.

OPINION BY WATKINS, J., June 11, 1958:

This is an appeal in a workmen's compensation case. Thomas W. Allen, the deceased husband of the claimant, was employed by the defendant company at the mill of the Pittsburgh Steel Company in Monessen, Pa. On October 19, 1951 while ascending a flight of stairs, he turned and fell, face down, to the concrete floor be-

low. Before falling he had taken two steps up the stairway. He died in an ambulance on the way to the hospital.

The referee and the board disallowed compensation and the County Court of Allegheny County affirmed the disallowance by holding that the claim petition was filed more than one year after the alleged accident; that claimant failed to show the happening of an accident; that there was no evidence of causal relationship between an accident and the deceased's death; and that claimant failed to give defendant employer the required notice of the alleged accident within 90 days after the occurrence.

On appeal to the Superior Court, in an opinion written by President Judge RHODES, this Court reversed the county court and held that notice requirements had been met and remanded the record to the court below with the direction to return it to the compensation authorities, to "receive such testimony as may be offered to prove or disprove any causal connection between the accident and deceased's death". *Allen v. Patterson-Emerson-Comstock*, 180 Pa. Superior Ct. 286, 119 A. 2d 832 (1956).

In pursuance of this Court's opinion, the compensation authorities heard the testimony, the board modified the referee's finding that the claim was untimely filed, but affirmed the finding against the claimant that the death of the decedent was neither caused by nor associated with the incident of the fall on October 19, 1951, but was the result of natural causes, to wit, coronary occlusion.

The record discloses that the decedent had been examined by Dr. J. B. Hughes for insurance about a month prior to his death. He was found to be healthy in all pertinent respects and the insurance application was approved. Dr. W. McCabe, a neurologist and psy-

chiatrist appeared for the claim'ant. He had never seen the decedent but from the history given him declared that Allen "died from bleeding inside of the skull which resulted as a result of his fall—my idea as to his cause of death is pressure on a respiratory center in the brain due to the fall on his forehead which he sustained".

The employer appellee called two physicians, Dr. H. E. Waxman and Dr. Thomas Basil Herron. Dr. Herron declared that he saw Allen on October 19, 1951 at the hospital; that he could hear no heart sounds; that he saw a small abrasion on the nose and forehead; that the face and neck were livid in color, suggesting a cardiac; that from reports obtained of pain and vomiting 'and the sudden collapse; and from other history obtained, he stated, "that the coronary occlusion before the collapse made him fall, that bruises were of no medical consequence, had no relationship to his death, . . . it was my opinion that this man died of a coron'ary condition, a cardiac death".

Dr. H. E. Waxman, after listening to the testimony by Dr. Thomas B. Herron 'and reading the compiled record, testified that Allen "was mortally stricken when he turned and fell to the bottom of the steps, that his death was not the result of his fall".

The medical testimony being in conflict, the credibility of the medical experts and the issues created by them is for the compensation authorities. If their findings are supported by sufficient, competent evidence and the law has been properly applied, their judgment is binding on the review court. *Malik v. Uniontown*, 172 Pa. Superior Ct. 562, 94 A. 2d 151 (1953). The decision, here, being against the party having the burden of proof, the only question before us is whether the board's findings of fact are consistent with each other and with its conclusions of law, and whether the board's findings can be sustained without

a capricious disregard of the competent evidence. And it has been held many times that unless the answer to this question is in the negative, the order must be affirmed. *Silvers v. Philco Corp.*, 175 Pa. Superior Ct. 246, 103 A. 2d 286 (1954).

The court below disposed of the claimant's objection as to Dr. H. E. Waxman's testimony, based on hearing the testimony of Dr. Thomas Herron and a reading of the compiled record of the case: "Claimant's physician had hardly any more preparation than to read the record and consult claimant's counsel. Moreover it should be noted that in workmen's compensation cases the same exactness of proof is not required as is required in actions at law. Leber v. Jaftulin, 115 A. 2d 768, 179 Pa. Superior Ct. 22. The compensation act itself provides that neither the board nor the referee is bound by technical rules of evidence in conducting the hearing, but findings of facts should be based on sufficient, competent evidence to justify such findings. 77 Purdons, Workmen's Compensation, 834. As to both of these physicians on either a reading of the record, consultation with counsel, listening to testimony of another expert in the court room, the testimony of the medical expert's might then be based on assumed facts which might well have been incorporated into hypothetical questions. Hamer v. W. Va. et al., 18 A. 2d 452, 144 Pa. Superior Ct. 144, 151".

Again drawing on the well considered opinion of LENCHER, J. in the court below, "In view of the contradictory nature of the medical testimony, the acceptance of that favoring the employer rather than that favoring the employee is a matter for the fact finding authorities, and such testimony and the credibility and weight to be attached to the evidence of any of the witnesses are matters finally and exclusively for the board which must decide conflicts in testimony and in the

theories or opinions of the experts. Wilkinson v. U.P.S. of Pa., 43 A. 2d 408, 158 Pa. Superior Ct. 22. Unequivocal medical testimony strongly supporting the findings and conclusions of the board appear in the record in line with the requirements of Elonis v. Lytle Coal Co., 3 A. 2d 995, 134 Pa. Superior Ct. 264." See also: *Kish v. T. F. Steele Coal Co.,* 185 Pa. Superior Ct. 257 (1958).

Judgment affirmed.