Lind, Appellant, *v.* Argo Lamp Company et al.,
Appellants.

Argued March 28, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Lowell A. Reed, Jr.,* with him *Paul H. Ferguson,* for appellant.

*Herbert H. Hadra,* with him *Maurice Freedman,* and *Robert H. Arronson,* for claimant, appellee.

OPINION BY WRIGHT, J., June 13, 1962:

This is a workmen's compensation case. We are here concerned with appeals by both the employer and the claimant from an order of Court of Common Pleas No. 3 of Philadelphia County remanding the record to the Workmen's Compensation Board for further proceedings. The actual question before us is the extent of the power of the court below to review a decision of the Board. The case has had a prolonged procedural history resulting in an extensive record.

On July 31, 1956, Ann Lind sustained an accidental injury while in the employ of the Argo Lamp Company, Philadelphia, Pennsylvania. She filed a claim petition on November 9, 1957, in which the accident was described as follows: "Caught foot under defective metal plate and injured right foot". At a hearing on May 27, 1957, before Referee Tetlow, Dr. Theodore Liljestrand testified that claimant was disabled due to "tenosynovitis". Dr. William Tomasco testified for the employer that claimant was not disabled as a result of the accident. On March 7, 1958, the Referee filed an award directing the payment of compensation to November 27, 1956. Claimant thereupon appealed to the Workmen's Compensation Board, which tribunal remanded the record to the Referee for the appointment of an impartial medical expert. At a hearing before Referee Mulligan on April 11, 1960, Dr. Abraham Myers, the impartial physician, testified that claimant was not disabled at the time of his examination and suggested the possibility of malingering. Dr. Jacob Krause, testified to the contrary that claimant was partially disabled as a result of "a meniscoid of the right fibular astragular joint". On April 29, 1960, the Referee awarded compensation for total disability from July 31, 1956 to November 26, 1956, and for partial disability thereafter. Both claimant and the employer appealed to the Board. On February 15, 1961, after a complete review of the record, the Board vacated the Referee's findings of fact and substituted the following: "2. The Board finds that claimant's injury occurring on July 31, 1956 was a bruised right ankle and foot with a bad sprain of the right ankle. 3. The Board further finds that, as a result of the aforesaid accidental injury, the claimant was partially disabled from July 31, 1956 up to and including March 11, 1957. 4. The Board finds that all disability of claimant ceased as of March 11, 1957". In conformity with the quoted findings, the Board award-

ed compensation for partial disability to March 11, 1957. Claimant then appealed to the court of common pleas, asserting that she had continuing total disability.

The rule is now firmly established by a long line of cases that, where the decision of the Board is against the party having the burden of proof, the question before the court is whether the Board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence. Unless the answer is in the negative, the order must be affirmed. See *Newman v. Congregation of Mercy and Truth,* 196 Pa. Superior Ct. 350, 175 A. 2d 160; *Rodgers v. Methodist Episcopal Hospital,* 188 Pa. Superior Ct. 16, 145 A. 2d 893. The burden was on this claimant to prove all the elements of her case, *Wehr v. Philadelphia Derrick & Salvage Corp.,* 192 Pa. Superior Ct. 161, 159 A. 2d 924, including the extent and length of her disability: *Bowers v. Schell's Bakery,* 152 Pa. Superior Ct. 112, 31 A. 2d 442. Since the Board found against the claimant, the evidence must be viewed in the light most favorable to the employer: *Hurlburt v. Fidelity Window Cleaning Co.,* 192 Pa. Superior Ct. 152, 160 A. 2d 251.

The difficulty experienced by the learned court below in the instant case apparently stems from its personal view that the testimony of Dr. Myers was entitled to little weight. However, the weight of the evidence is not a matter for the court to determine: *Kiska v. C. H. Ziegenfuss Co.,* 154 Pa. Superior Ct. 100, 35 A. 2d 532; *Gallihue v. Auto Car Co.,* 184 Pa. Superior Ct. 598, 135 A. 2d 817. It must be remembered that courts are not required to attempt to reconcile conflicting medical testimony, or to review as a matter of law the credibility of the medical witnesses: *Houlihan v. Joseph J. Scheiter & Co.,* 166 Pa. Superior Ct. 85, 70 A. 2d 431. Where the medical testimony is conflicting, the credibility of

the medical experts and the issues created by their testimony are for the compensation authorities: *Palady v. Reliance Steel Products Co.,* 165 Pa. Superior Ct. 370, 67 A. 2d 620. If the findings of the Board are supported by sufficient competent evidence, and the law has been properly applied, its judgment is binding on the reviewing court: *Allen v. Patterson-Emerson-Comstock, Inc.,* 186 Pa. Superior Ct. 498, 142 A. 2d 437; *Moore v. MacArthur Pile Corp.,* 193 Pa. Superior Ct. 512, 165 A. 2d 275. The Board has wide latitude in weighing the evidence, and is not even required to accept uncontradicted testimony as true: *Dindino v. Weekly Review Publishing Co.,* 188 Pa. Superior Ct. 606, 149 A. 2d 475.

The court below does not question the testimony of Dr. Tomasco, simply stating: "Dr. William Tomasco, testifying for defendant, stated that he had examined claimant on March 11, 1957, and that at that time she was no longer suffering from the injury". This testimony was, in itself, sufficient competent evidence to support the finding of the Board. However, the court below seizes upon certain language in the Board's opinion to hold as a matter of law that undue weight was given to the testimony of the impartial expert. The excerpt in question is as follows, with the purportedly objectionable words in italics: "The Board cannot discount the *conclusiveness* of the opinion of Dr. Myers, the impartial, that the claimant is not disabled. His conclusion coincides with that of Dr. William Tomasco, who, even though employed by defendant's carrier, is a doctor of very great experience in industrial accidents. Even the evidence of Dr. Liljestrand for claimant concludes with no total disability as of May 23, 1957. Consequently, the far greater preponderance of medical testimony and *above all* the evidence of Dr. Myers, the impartial, proves only partial disability which terminated at the latest on March 11, 1957".

We do not agree with the court below that the Board was chargeable with legal error in using the quoted language. It is our view that, in sustaining claimant's appeal and remanding the record, the court below clearly exceeded its authority. As we read the entire opinion of the Board, it reveals that the testimony of Dr. Myers was evaluated along with that of the other medical witnesses. The Board does not say that it was bound by Dr. Myers' testimony, but rather that the opinion of Dr. Myers was conclusive in the sense that it was firm and certain as opposed to indefinite and uncertain. It is of course true that the testimony of an impartial medical witness is not indisputable, *Ciello v. D. J. Kennedy Co.*, 131 Pa. Superior Ct. 492, 200 A. 147, and is subject to the same rules of evidence as that of any other witness: *Wallace v. Allen*, 115 Pa. Superior Ct. 347, 175 A. 878. However, it was within the province of the Board in the instant case to assign greater credibility to it, particularly since it coincided in large part with the testimony of Dr. Tomasco.

The court below relied principally on *Kochinsky v. Independent Pier Co.*, 157 Pa. Superior Ct. 15, 41 A. 2d 409, wherein the Board made the following statement in its opinion: "As a general rule, the testimony of such an expert is accorded greater consideration than that given to the conclusions expressed by witnesses called on behalf of either party in interest for the reason that such witness is presumed to be unbiased and without personal interest in the effect his testimony will have in the ultimate result". We pointed out that no "general rule" can be laid down as the basis for accepting or rejecting the testimony of an impartial expert. Judge (now President Judge) RHODES made the following pertinent statement: "His impartiality, or lack of it, is a matter to be considered by the finder of the facts, along with many other factors which may affect credibility. And it may well be that after considering all these fac-

tors in a particular case, the fact-finding body may believe the impartial expert to the exclusion of all others". The court below concedes that the language quoted from the Board's opinion in the case at bar does not "go as far" as that used in the *Kochinsky* case. We do not find it objectionable.

Two other matters should be briefly noted. (1) In her appeal, claimant takes the position that judgment should be entered in her favor on the basis of continuing disability. What we have already said amply demonstrates that this contention cannot be sustained. (2) We find no prejudicial error in the submission to Dr. Myers of the hypothetical question about which claimant complains, and which is criticized by the court below.

In summary, it seems apparent that the court below attempted to impose its will upon the Board and, in effect, directed the Board to make an award in accordance with the Referee's decision of April 29, 1960. As previously indicated, the court of common pleas is wholly without power to reverse the Board and reinstate an award of the Referee on its own appraisal of the weight of the evidence: *Bogavich v. Westinghouse Electric and Manufacturing Co.*, 162 Pa. Superior Ct. 388, 57 A. 2d 598; *Downing v. Leechburg Mining Co.*, 195 Pa. Superior Ct. 574, 171 A. 2d 857. The lower court may not, by an order of remission, direct the Board how to find the facts: *DeBattiste v. Anthony Laudadio & Son*, 167 Pa. Superior Ct. 38, 74 A. 2d 784; *Mainor v. Midvale Co.*, 192 Pa. Superior Ct. 367, 162 A. 2d 27.

Order reversed, and the record is remanded to the court below for the entry of judgment in accordance with the award of the Workmen's Compensation Board.