# Updegrove, Appellant, *v.* Floyd Wells Stove Company et al.

Argued December 10, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Robert Trucksess,* for appellant.

*Paul H. Ferguson,* with him *G. Mason Owlett,* for appellees.

PER CURIAM, December 13, 1946:

Claimant, in this workmen's compensation case, has appealed from the action of the court below dismissing

an appeal from the order of the compensation authorities disallowing compensation.

The petition which was filed under the Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, as amended, 77 PS 1201 et seq., averred in substance that claimant was totally disabled as a result of anthraco-silicosis contracted while in defendant's employ. The defendant, in its answer, denied, inter alia, that the alleged disability was caused by anthraco-silicosis or any occupational disease. The referee found, after hearing at which medical testimony was introduced by both parties, that claimant was totally disabled; that while he was afflicted with "minimal silicosis", it was not of itself disabling; that the disability was attributable to some other cause which had not been diagnosed; and accordingly disallowed compensation. The Workmen's Compensation Board affirmed the referee's findings of fact, conclusions of law and order, stating: "Careful consideration of the medical testimony convinces us that the claimant in this case had failed to prove beyond conjecture and *conclusively* that silicosis was the sole cause of his total disability. The various diagnoses, X-ray studies and professional opinions confirm the presence of a silicotic condition but likewise indicate a chronic infection or infestation of the claimant's lungs. . . . The referee had accepted the defendant's testimony as the logical explanation of the cause of claimant's illness and we are of opinion that the record contains ample competent evidence affirming his findings . . ." (Italics supplied).

Section 501 (e) of the Act, as amended, 77 PS 1401 (e) (App'x) provides as follows: "Compensation shall be payable, as otherwise provided in this act, for total disability or death caused solely (as definitely distinguished from a contributory or accelerating cause) by silicosis, anthraco-silicosis, . . . or by silicosis, anthraco-silicosis . . . when accompanied by active pul-

monary tuberculosis." To establish his right to an award, it was necessary for claimant to prove to the satisfaction of the compensation authorities that his total disability was caused solely by silicosis either alone or accompanied by active pulmonary tuberculosis. *McGarvey v. Butler Consolidated Coal Co.*, 157 Pa. Superior Ct. 353, 43 A. 2d 623.

"Where the decision of the board is against the party having the burden of proof—in this case, the claimant—bearing in mind that a trier of fact is not required to accept even uncontradicted testimony as true (District of Columbia's Appeal, 343 Pa. 65, 79, 21 A. 2d 833) the question before the court is whether the board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence. Unless the answer is in the negative, the order must be affirmed." *Walsh v. Penn Anthracite Mining Co.*, 147 Pa. Superior Ct. 328, 333, 24 A. 2d 51.

"Where the board refuses compensation to a claimant, a considerable burden is placed upon such claimant seeking to set aside the findings of fact on appeal. The reasons for this are clear. The board is not required to award compensation even where the defendant has presented no evidence; it could conclude that claimant has not met the burden of proof, or that his witnesses are not credible, and are not worthy of belief even though uncontradicted." *Jaloneck v. Jarecki Mfg. Co.*, 157 Pa. Superior Ct. 609, 615-616, 43 A. 2d 430. The findings are consistent with each other, the conclusions of law and order, and may be sustained without a capricious disregard of the competent evidence. The appeal must, therefore, be dismissed.

There is a final matter which is academic in the circumstances of this case but nevertheless deserving of observation. A claimant need not, as the board has stated in its opinion, prove *conclusively* the elements

essential to a recovery. In civil proceedings the criterion for the trier is the *probability* of the ultimate fact to be proved. The claimant, however, has suffered no injury from what appears to have been too exacting a burden of proof for the board specifically accepted the testimony of defendant's medical experts to the effect that claimant's disability was not due to silicosis but to some undiagnosed condition.

Appeal dismissed.