Pellegrino *v.* Consumers Mining Company et al.,
Appellants.

Argued November 18, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

Karl E. Weise, with him Hirsch, Weil & Shumaker, for appellants.

Samuel Krimsly, for appellee.

OPINION BY RHODES, P. J., January 8, 1948:

This is an appeal by defendant and its insurance carrier in a workmen's compensation case from the judgment of the court below.

Claimant was accidentally injured in the course of his employment with defendant on October 21, 1944. The parties entered into an open agreement in which the nature of the injury was described as follows: "Claimant was removing a piece of rock from the track in front of a loaded mine car when the car moved and claimant's hand was caught between rock and wheel of

car. Nature of Injury: Amputation of index finger at first phalange; and middle finger lacerated on right hand."

Subsequently, on January 24, 1945, appellants filed a petition for modification, setting forth that claimant's disability had resolved itself into loss by amputation of index finger of right hand and asking that the open agreement be modified to provide for the specific loss of the index finger under section 306(c) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as reenacted and amended, 77 PS § 513.

After hearing, at which one medical witness was called by appellants and one medical witness by claimant, the referee found that claimant's disability had changed from total to 20 per cent partial under section 306(b), 77 PS § 512, on June 22, 1945. On appeal by appellants to the Workmen's Compensation Board, the board remanded the record to the referee for further hearing at which additional testimony pertinent to the issues involved, might be presented. The board indicated that the testimony, in its opinion, was insufficient to show that claimant had disability other than that resulting from the loss of the index finger and the middle finger of the right hand. When the case again came on for hearing before the referee no additional testimony was taken, and the referee again held that claimant's disability was one of 20 per cent partial, and made an order accordingly.

Appellants then appealed to the board, whereupon the board vacated certain of the referee's findings of fact, his conclusion of law, and order. The board substituted in lieu thereof the following findings of fact and conclusion of law:

"Third: The Board finds as a fact that claimant suffers the permanent loss of use of his index and middle fingers of his right hand.

"Fourth: The Board finds as a fact that claimant's disability is limited to the loss of use of the index and

second fingers, that other disability to the ring and little fingers is the result of the injury to the second finger, and the failure to have the same amputated."

"The Board concludes that since claimant's disability is confined to specific losses of his index and second fingers, he is entitled to compensation therefore under Section 306(c) of the Workmen's Compensation Act."

The board modified the agreement and awarded compensation to claimant for the loss of use of his right index finger for a period of thirty-five weeks, and compensation for loss of use of the right second finger for a period of thirty weeks under section 306(c), 77 PS § 513.

Claimant appealed to the County Court of Allegheny County in which he excepted to the substituted findings of fact of the board. The court entered judgment for the specific losses as allowed by the board, but, in addition, therein ordered the record returned to the board for "further hearing and determination of any additional disability and loss of earning power that may entitle the claimant to any additional compensation."

The court below was of the opinion that claimant suffered compensable injury additional to the specific losses in that the limitation of use in the ring and little fingers may result in a reduction of claimant's earning power; and that the interference with the functional use of those two digits resulting in additional disability to work is something not covered by compensation allowed under section 306(c).

It is to be noted that the court below dismissed claimant's exceptions to the findings of fact of the board, and directed that the record be returned to the board for further hearing and determination. Section 427 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as reënacted and amended by the Act of May 27, 1943, P. L. 691, § 1, 77 PS § 879, provides that: "If such court shall sustain the appellant's exceptions to a finding or findings of fact and reverse the

action of the board founded thereon, the court shall remit the record to the board for further hearing and determination . . ." See *Groner v. Board of Public Education of the City of Pittsburgh*, 152 Pa. Superior Ct. 381, 383, 33 A. 2d 271.

The board had found that the extent of claimant's disability was limited to the loss of the two fingers to be compensated under section 306 (c) of the act. But we think it is clear that the court in effect has found otherwise. The practical effect of the court's order, which is combined with the judgment against appellants, would be to return the record to the board merely for the formality of an additional award for partial disability. See *Kline v. Kiehl et al.*, 157 Pa. Superior Ct. 392, 394, 43 A. 2d 616.

The guiding principles in workmen's compensation cases have been set forth too frequently for repetition. We must conclude, as the court below obviously did, that the board's findings of fact are supported by sufficient competent evidence. The award under section 306 (c) logically followed, and, unless the law has been improperly applied to the facts, must be sustained. The medical testimony produced by appellants was that claimant's disability was limited to the loss of the index finger; claimant's medical witness testified that the disability was confined to the loss of the index finger and the middle finger of the right hand. The board accepted the latter testimony. It was not shown that there was any other injury or any disability not resulting from the loss of the two fingers. See *Bordick v. John Conlon Coal Co.*, 144 Pa. Superior Ct. 522, 529, 19 A. 2d 536. But it does appear from the testimony, and the board so found, that the condition concerning which appellant complains, restriction of movement of the little and ring fingers of the right hand, is the result of the specific losses or permanent injuries for which compensation is fixed by section 306 (c). See *Hayden v. Stony Spring Coal Co. et al.*, 157 Pa. Superior Ct. 423, 43 A. 2d 384;

section 306(c), 77 PS § 513. It was thus determined that there was no disability separate, apart, and distinct from the injuries to the two fingers, while in *Niemi v. Asplundh Tree Expert Co. et al.,* 154 Pa. Superior Ct. 600, 36 A. 2d 851, cited by appellee and relied upon by the court below, the question was whether the record would sustain an award of fifty-five percent partial disability in addition to compensation for the specific loss of two fingers.

The judgment is affirmed to the extent that it conforms with the award of the board; the additional part relating to the remission of the record is reversed.