Rozauski *v.* Glen Alden Coal Company, Appellant.

Argued September 28, 1949. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Franklin B. Gelder,* with him *J. H. Oliver* and *Gilbert S. McClintock,* for appellant.

*Thomas B. Noonan,* with him *Thomas L. Kennedy, Jr.,* for appellee.

OPINION BY RHODES, P. J., November 15, 1949:

Claimant, on March 12, 1947, filed a petition in which he alleged that he was totally disabled as the result of anthraco-silicosis, and claimed compensation under The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, No. 284, as amended, 77 PS §1201 et seq. Claimant had been employed by defendant for thirty-nine years prior to December 4, 1946. The referee found that claimant on March 11, 1947, became totally disabled from anthraco-silicosis due to exposure to a silica hazard for the prescribed statutory period, and awarded compensation. The Workmen's Compensation Board in reversing the referee found as a fact that claimant was only partially disabled from anthraco-silicosis, and that he was therefore not entitled to compensation under the Act.[1] On appeal by claimant the Court of Common Pleas of Luzerne County held that the finding of partial disability by the board was not sustained by sufficient competent evidence, and remitted the record to the board for further findings. Defendant

[1] "Compensation shall not be payable for partial disability due to silicosis, anthraco-silicosis, or asbestosis. Compensation shall be payable, as otherwise provided in this act, for total disability or death caused solely (as definitely distinguished from a contributory or accelerating cause) by silicosis, anthraco-silicosis, or asbestosis, or by silicosis, anthraco-silicosis, or asbestosis, when accompanied by active pulmonary tuberculosis." Section 301 (e) of the Act of June 21, 1939, P. L. 566, No. 284, 77 PS §401 (e).

has appealed to this Court from the order of the court below remitting the record to the board.

The burden was on claimant to satisfactorily present to the board the necessary elements to support an award. *Jaloneck v. Jarecki Mfg. Co.,* 157 Pa. Superior Ct. 609, 612, 43 A. 2d 430.

The credibility of the witnesses and the weight of conflicting evidence on the factual issues were for the board in this case; it could appraise the medical testimony and resolve any conflict therein. *Rohner v. Fox Products,* 164 Pa. Superior Ct. 610, 614, 67 A. 2d 605.

We are of the opinion that this is a case in which the findings of the board, supported by competent and substantial evidence, were binding upon the court of common pleas; that it had no authority, under the facts in this record, to remit the record to the board for further findings; and that it should have affirmed the board and entered judgment for defendant.

At the hearing before the referee, claimant's physician, Dr. I. J. Stadulis, testified that he examined and treated claimant; that claimant had anthraco-silicosis (third stage), chronic bronchitis, and chronic myocarditis with mitral valvular disease due to silicosis; and that claimant was totally disabled. He also testified that claimant had high blood pressure which gave him some disability. Defendant's medical witness, Dr. William T. Davis, made an examination of claimant. Dr. Davis testified that claimant had anthraco-silicosis and hypertensive cardio-vascular disease which had no relation to the silicosis; that claimant was able to do light work of a general nature; and that in his opinion claimant was not totally disabled.

Dr. Joseph Shilen was appointed as an impartial medical expert. Dr. Shilen stated in his report that claimant was totally and permanently disabled as a result of anthraco-silicosis, but in his testimony before the referee Dr. Shilen said that, while claimant could

not follow his occupation as a coal miner, he could do light work of a general nature.

On this testimony the referee made the following findings of fact:

"10. On March 11, 1947, the claimant was able to do only selective light work.

"11. We find as a fact that on March 11, 1947, the claimant became totally disabled by anthraco-silicosis."

The board on appeal reviewed all of the medical testimony. It pointed out that the testimony of the impartial expert, Dr. Shilen, was somewhat equivocal on the question of the extent of claimant's disability. The board thereupon concluded that "upon a careful consideration of all of the testimony we are of the opinion that the claimant is not a nondescript but is able to do general light work." Accordingly the board set aside the referee's tenth and eleventh findings of fact, and substituted the following:

"10th. On March 11th, 1947, claimant was able to do light work of a general nature.

"11th. We find as a fact that on March 11th, 1947, claimant was partially disabled by anthraco-silicosis."

The board decided as a matter of law that claimant was not entitled to an award of compensation.

The court below, in its opinion, recognized the well-settled principles that findings of fact by the board are conclusive if sufficiently supported by competent and substantial evidence; and that where the record contains such evidence the court is confined to questions of law. *Kasman v. Hillman Coal & Coke Co.*, 149 Pa. Superior Ct. 263, 264, 27 A. 2d 762; *Fronko v. United States Sanitary Mfg. Co.*, 155 Pa. Superior Ct. 636, 644, 39 A. 2d 363. However, the court fell into error when it concluded that the board's finding that claimant was only partially disabled was not supported by sufficient competent and substantial evidence. Although stating, in effect, that the determinative factual issue between the

parties was the degree of claimant's disability, the court was also in error when it indicated that the board could not decide the question of claimant's total or partial disability without basing its finding on this point on the opinion of the impartial expert, Dr. Shilen. Further, the court held that no matter how Dr. Shilen's testimony might be interpreted, whether as favoring claimant or defendant, it would in no event be sufficient to support the board's finding that claimant was only partially disabled as a result of anthraco-silicosis.

There was competent and substantial evidence on the record sufficient to sustain the finding of the board that "claimant was partially disabled by anthraco-silicosis." The board was not required to rely on the testimony of the impartial expert; nor was it obliged to accept the testimony of that witness or of any other witness. It could accept or reject, in whole or in part, the testimony of any witness. *Palady v. Reliance Steel Products Co.,* 165 Pa. Superior Ct. 370, 371, 67 A. 2d 620. The board is the sole judge of the credibility of the witnesses, and it is not required to accept even uncontradicted testimony as true. *Updegrove v. Floyd Wells Stove Co.,* 160 Pa. Superior Ct. 51, 53, 49 A. 2d 870. We find no capricious disregard of evidence by the board. The board's finding was clearly supported by the competent testimony of Dr. Davis who testified, inter alia, that "As a result of the examination, the physical examination, it is my opinion this man [claimant] is not totally and permanently disabled. . . . I believe he could do some type of work. Q. In your opinion, is he able to do light work of a general nature? A. Yes, in my opinion he is."

This case presents a purely factual issue which has been resolved against the claimant by the board.[2] The

_____
[2] In the present case the order of the court of common pleas returning the record to the board was made November 23, 1948. On December 7, 1948, an exception was allowed and bill sealed for defendant. On December 15, 1948, defendant appealed to this

findings of fact of the board are supported by competent and substantial evidence sufficient to justify the findings. Such findings were binding on the court of common pleas, and under the circumstances it was without authority to remit the record for further findings; therefore, its order of remission was not interlocutory. *Strickland v. Baugh & Sons Company*, 139 Pa. Superior Ct. 273, 282, 11 A. 2d 547; *Parisi v. Freedom Oil Co.*, 150 Pa. Superior Ct. 260, 265, 27 A. 2d 255; *Roberts v. John Wanamaker, Philadelphia*, 151 Pa. Superior Ct. 297, 302, 30 A. 2d 189; *Pellegrino v. Consumers Mining Co.*, 162 Pa. Superior Ct. 119, 56 A. 2d 267.

The order of the court below is reversed, and the record is remitted to the court below with direction that judgment be entered for defendant.

Court. In the meantime (November 29, 1948) the Prothonotary of the Court of Common Pleas of Luzerne County had remitted the record to the board, which, in a second opinion, affirmed its previous findings and conclusions, and disallowed compensation. In the second opinion the board stated: "We accepted the testimony of Dr. Davis as competent, substantial and credible. We accepted so much of the testimony of Dr. Shilen as corroborated it. The burden of proof was upon the claimant. We found and find again that he has failed to sustain that burden." This opinion of the board is confirmatory of its first finding, although the second opinion is not technically before us as the present appeal is from the order of the court of common pleas. Cf. *Roberts v. John Wanamaker, Philadelphia*, 151 Pa. Superior Ct. 297, 30 A. 2d 189.