## Reager, Appellant, *v.* Day & Zimmerman.

Argued October 14, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Prall B. Roads,* with him *G. Harold Watkins,* for appellant.

*J. Paul Erwin,* for appellees.

OPINION BY GUNTHER, J., January 20, 1953:

Claimant sustained injuries to his left arm and right hand on July 27, 1945, while in the course of his employment. The parties made an agreement under which compensation was paid claimant for several months. In January, 1946, the referee awarded compensation for partial disability, and in November, 1946, he made an award of $17 per week based on a finding of a 45% disability. Claimant later petitioned for a modification of the order, claiming a change to total disability. The referee found as a fact that claimant's disability had not changed, but remained partial. This decision was affirmed by the board and the court below.

Where, as here, claimant seeks a modification of the prior award, he has the burden of proof of showing that his disability became total. *Hendricks v. Patterson,* 164 Pa. Superior Ct. 584, 67 A. 2d 652. The extent of his disability is a factual question determinable only by the compensation authorities. The function of this Court is limited to ascertaining whether the findings of fact and conclusions of law are consistent with each other and are supported by substantial, competent evidence. *Gill v. Fives,* 170 Pa. Superior Ct. 564, 88 A. 2d 109. A review of the testimony indicates no error.

Claimant testified that he was unable to do any work because his arm pained him immediately and his fingers swelled up. His medical witness, a Dr. Leigh, testified that claimant was totally invalided for the type of work he had done and was capable only of

selective light work. This witness based his opinion on a deformity of both arms with consequent loss of function. Dr. Leigh would not state, however, what percentage of loss of function existed, and did admit there was partial loss only and not total. He examined claimant only once, about five years after the accident, and therefore connected claimant's disability with his accident only on the basis of claimant's statements.

The employer produced one witness, a Dr. Martin, who had examined claimant shortly after the accident and again before the last hearing. Dr. Martin testified that the disability was the same as in 1946, that there had been no change, and that the estimated impairment was 35 to 40%. He testified further that claimant had a congenital deformity known as Madelung's deformity and a resultant osteoarthritis, both of which predated the accident and accounted for part of his disability. This witness felt that claimant was capable of general light work.

Claimant admits that the compensation authorities had the right to accept the testimony of Dr. Martin and reject that of Dr. Leigh. But he contends that once Dr. Martin testified that claimant "has had pain in his hands for many, many years, the question as to how much pain, nobody can state," then the referee and the board were duty bound to consider claimant's testimony that it was because of pain he was unable to work, and that they ignored his testimony. We find no merit in this argument. Dr. Martin's admission that he did not know how much pain claimant suffered *before* the accident does not require acceptance of claimant's statements that any amount of work caused him pain. Claimant's allegations of total disability require medical proof, and his own witness failed to testify as to pain and admitted there was not a com-

plete loss of function. Dr. Martin, on the other hand, testified not only as to partial disability, but that claimant utilized "his wrist within twenty degree of full range and he didn't wince or anything."

There is no indication that the compensation authorities failed to consider claimant's testimony. But it is clear that they rejected it in the face of clear and precise medical testimony as to the exact nature, extent, and cause of the disability. The evidence indicates that they were fully justified in their decision, having based it on sufficient competent evidence.

Judgment affirmed.