McIntosh, Appellant, *v.* Sylvania Company.

Argued April 11, 1961.    Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Gerald A. McNelis, Sr.,* with him *McNelis and McNelis,* for appellant.

*A. Grant Walker,* with him *Gifford, Graham, Mac-Donald & Illig,* for appellee.

OPINION BY WOODSIDE, J., June 15, 1961:

The only issue in this workmen's compensation case is the extent of the claimant's disability. This is a question of fact for the Workmen's Compensation Board. It accepted the referee's finding that the claimant suffered a 15% disability and allowed $6.50 per week compensation. The claimant, arguing that he was totally disabled, appealed to the court below which affirmed the board.

Upon appeal to this Court, the claimant contends that all the credible evidence supports his position, and that the board was guilty of a capricious disregard of the competent evidence by finding that he was only partially disabled.

The claimant suffered a compensable back injury on April 2, 1958, which the medical evidence indicates was a herniated disc. The orthopedic surgeon who treated the claimant testified that the claimant was totally disabled from April 23, 1958, to February 4, 1959, the date of his testifying. At a subsequent hearing, Dr. Robert B. Wright, also a claimant's witness, testified that he had examined the claimant twice in March, 1959, and that, in his opinion, the claimant's disability to the body as a whole was between 12 and 15 per cent. The defendant offered no testimony.

Counsel for the appellant argues to us at length that the testimony of Dr. Wright on the percentage of

disability is not credible. It is the prerogative of the referee and the board, and not the courts, to weigh the testimony of witnesses and to accept or reject it in whole or in part. *Chuplis v. Steve Shalamanda Coal Co.*, 192 Pa. Superior Ct. 76, 80, 159 A. 2d 520 (1960); *Baughman v. Hockensmith Wheel & Mine Car Co.*, 158 Pa. Superior Ct. 314, 44 A. 2d 764 (1945).

It is argued that Dr. Wright stated the percentage of disability on cross-examination, and that his testimony on this point should not be accepted because, not having been interrogated on direct examination concerning the percentage of disability, it was not proper to cross-examine him on this point. He was testifying concerning the disability of the claimant, and the cross-examination was proper. Furthermore, there was no objection to this question and the witness was re-examined by counsel for the claimant on the percentage of disability.

From the testimony of the claimant and his medical witnesses, including Dr. Wright, there can be no doubt that the claimant was suffering from a painful back injury which limited his ability to perform certain tasks. However, his own testimony shows that he was capable of performing some work and that he engaged (he claims with painful and disabling results) in some relatively strenuous activity about his home.

There is evidence to support a finding that the claimant's disability was total, but the question is not what we would find from the evidence were we sitting as a fact finding tribunal. *Curran v. Knipe & Sons, Inc.*, 185 Pa. Superior Ct. 540, 138 A. 2d 251 (1958). There is also evidence to support a finding of partial disability, and the finding of the board that the disability was partial and not total is conclusive, and cannot be disturbed on appeal. *Zbieg v. Rochester & Pittsburgh Coal Co.*, 175 Pa. Superior Ct. 308, 104 A. 2d

158 (1954); *Rozauski v. Glen Alden Coal Co.,* 165 Pa. Superior Ct. 460, 69 A. 2d 192 (1949).

Judgment affirmed.