## Woods v. Murraysville Telephone Company

*Bernard Redlich* and *Robert Y. Cassol*, for claimant.

*James J. Burns, Martin Lubow* and *Robert C. Little*, for defendant.

SCULCO, J., August 7, 1961.—This case is before this court on an appeal by defendant from a decision of the Workmen's Compensation Board awarding claimant compensation for total disability. The Workmen's

Compensation Board affirmed the award of the referee, who found that claimant was totally disabled.

Claimant was 61 years of age at the time of the accident, was employed as a lineman by the Murraysville Telephone Company for 36 years prior to the date of the above mentioned accident. This accident occurred on February 3, 1958, while claimant was climbing a pole in the course of his employment. He slipped and fell some 20 feet to the ground, injuring his back, left arm, shoulder and upper torso. He was taken to the Westmoreland Hospital, Greensburg, where he was hospitalized for several weeks. Following his convalescence, claimant returned to work and attempted to perform the various duties that were assigned to him by defendant company. However, he was unable to successfully perform these duties, and was dismissed from his employment on July 11, 1958.

Both claimant and defendants agree there was an accident and both are in accord that claimant suffered some disability. Claimant, however, contends that the disability is total, while defendant maintains that he suffered only a partial disability.

In the case of Earley v. Philadelphia and Reading Coal & Iron Co., 144 Pa. Superior Ct. 301, the court said:

"A review of our decisions will show that we have consistently adhered to the line of demarcation between the two classes of cases. The first includes persons who have sustained accidental injuries, but are capable of steadily performing certain types of light work. It is presumed that such work is available, and that one can procure it. In those circumstances a claimant is entitled to compensation for partial disability. The second class embraces those who are not able uninterruptedly to do even light work owing to their physical limitations due to accidental injuries. If suitable work is available for such a person it is in-

cumbent upon the defendant to show that fact, otherwise a claimant is entitled to total disability."

The referee, who heard the testimony and had an opportunity to observe the demeanor of the parties, found, as a matter of fact, that claimant was not able to do general light work, but only light work of a specialized nature. The board affirmed this finding of fact by the referee, and since the board is the ultimate finder of facts, this court will not overrule the findings of fact by the board, if such findings are supported by sufficient competent evidence. See Gallihue v. The Auto Car Company, 184 Pa. Superior Ct. 598; Vorbnoff v. Mesta Machine Co., 286 Pa. 199.

Therefore, the sole issue involved in this case is whether the finding that claimant cannot perform general light work was supported by sufficient competent evidence.

Dr. James Maxwell, a general surgeon, practicing in the City of Greensburg, testified on behalf of claimant. He stated in his testimony that claimant suffered continual back pain; loss of the movement of his left arm; period of dizziness whenever he raised his head in a certain manner; that he sustained a hernia, and also that he suffered diminished hearing in both ears; atrophy of the supra spinalis and infra-spinalis muscles, and diminished circumferential measurements of the left shoulder.

Dr. Maxwell further stated that these various injuries were permanent. Dr. Maxwell was asked what type of work claimant could perform, and he answered as follows:

". . . In this case this man was a pole lineman, as I understand and I can't conceive that he can continue to do that type of work."

Dr. Maxwell further testified:

"I feel that he could do work of an essentially non-physical nature which would allow him to earn em-

ployment by virtue of being in a position or spot at a given time—something that would not involve too much activity. I am thinking possibly as a watchman for example."

The doctor continued to testify as follows:

"Well, he can't raise his arm any higher than he can,"

and referring to cleaning windows and walls, the doctor stated:

"I don't believe he could very efficiently do work of that nature."

Extensive cross examination of Dr. Maxwell by defendant did not change the doctor's testimony to any degree. Each time that defendant questioned the doctor in regard to a special type of occupation, the doctor stated that although he might be able to do this type of work, he probably couldn't do it efficiently for a long period of time.

In Cox v. Woodlands Cemetery Company, 133 Pa. Superior Ct. 313, the court held that the finding of inability to do general light work was warranted even though claimant could perform the duties of a watchman.

It is the opinion of this court that there is sufficient evidence to substantiate the finding of the referee and the Workmen's Compensation Board that claimant could not perform general light work, and, therefore, the burden shifted to defendant to show that light work of a specialized nature was available. See Cox v. Woodland Cemetery Co., supra. A representative of defendant company stated that he would not hire claimant to do any type of work of the company at the present time, and no offer was made of any other type of light specialized work for claimant.

In the case of McIntosh v. Sylvania Company, 195 Pa. Superior Ct. 198, the court held that it is the prerogative of the referee and the board, and not the

court, to weigh the testimony of witnesses and to accept or reject it in whole or in part, and that the findings of fact by the board, supported by substantial competent evidence, are conclusive and cannot be disturbed on appeal.

Therefore, after careful review of the evidence in this case, we are of opinion that the finding of the referee and the Workmen's Compensation Board that claimant was totally disabled is supported by sufficient evidence, and should be sustained. . . .

An exception is noted for defendant and a bill sealed.