Finch, Appellant, *v.* Jones & Laughlin
Steel Corporation.

Argued April 13, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Emil W. Herman*, with him *Rothman, Gordon and Foreman*, for appellant.

*Robert H. Strub*, for appellee.

OPINION BY WRIGHT, J., June 13, 1962:

This is a workmen's compensation case. We are here concerned with an appeal by claimant from an order of the County Court of Allegheny County affirming an award made by the Workmen's Compensation Board for partial disability on a fifty percent basis. It is claimant's position that he is entitled to compensation for total disability.

Royal W. Finch was employed as a laborer by the Jones and Laughlin Steel Corporation. On July 26, 1954, he filed a claim petition alleging total disability

from February 20, 1954, as the result of an alleged accident on December 29, 1953, described as follows: "Pushing huge steel door, slipped on soft place injuring back". The employer filed an answer denying the accident, the injury, and the disability. There were two hearings before the Referee. The medical witnesses were Dr. H. R. Decker for the claimant and Dr. Benjamin L. Jones for the employer. We will not burden this opinion with a detailed analysis of the evidence. It should perhaps be noted that appellant's injury was entirely muscular in nature, and that he did not suffer any damage to the bone structure. On July 26, 1955, the Referee made an award for forty percent partial disability to October 27, 1954, twenty-five percent partial disability to May 9, 1955, and fifteen percent partial disability thereafter. Upon appeal by claimant to the Workmen's Compensation Board, the award of the Referee was affirmed, December 28, 1955.

Claimant thereafter, May 15, 1957, filed a petition to modify on the ground that his disability had increased to total. There were two hearings on this petition. Dr. Samuel J. Rosen testified for the claimant as follows: "I would venture an estimate of sixty to seventy-five percent overall total and permanent disability". For the employer, Dr. Charles W. Vates, Jr., testified that claimant had a simple strain of the lower back, chronic in nature, and that his disability was approximately fifteen percent partial. Dr. Benjamin L. Jones testified that claimant's disability was only ten percent partial. On June 3, 1958, the Referee made an award on the basis of thirty percent partial disability from March 15, 1957. Upon appeal, this time by the employer, to the Workmen's Compensation Board, the award of the Referee was affirmed, October 29, 1958.

The instant proceeding had its inception in a second modification petition filed by the claimant on December 21, 1959, in which he again alleged that his disa-

bility was total. There were two hearings on this petition. Dr. Samuel J. Rosen testified that claimant was totally disabled as of July 31, 1959. For the employer, Dr. Frederick W. Koenig testified that, as of June 6, 1960, claimant had a partial disability not exceeding fifteen percent. Dr. Benjamin L. Jones testified that claimant's disability, so far as the accident was concerned, had entirely ceased, and that his present complaints were congenital in origin. On October 28, 1960, the Referee made an award on the basis of fifty percent partial disability from May 11, 1960. Upon claimant's appeal to the Workmen's Compensation Board, the award was affirmed in an opinion which contains the following statement:

"We have reviewed the entire record in this case. It is clear that the referee, in entering an award for 50 per cent partial disability did not reject the claimant's medical testimony in its entirety nor did he fully accept the lower estimate of disability offered by the defendant. The order is in the nature of a compromise and from our independent review and appraisal of the medical testimony, we consider it a generous one. This case again attests the fact that medicine is not an exact science and it is particularly true in connection with back cases".

This appeal does not present any novel legal questions. As we recently pointed out in *Banas v. Eagle Coal Co.,* 196 Pa. Superior Ct. 580, 175 A. 2d 897, the extent of physical disability is a complex factual matter contingent upon many variables. It depends not only upon anatomical disability, but also upon mental outlook, industrial background, age, education, and type of occupation which can be performed. In the *Banas* case we held that the testimony warranted a finding of thirty percent partial disability even though no medical witness had estimated it mathematically. In the instant case we do have mathematical estimates

which vary from one hundred percent total on the part of Dr. Rosen down to fifteen percent partial on the part of Dr. Koenig, and zero on the part of Dr. Jones. The Referee arrived at a figure of fifty percent partial. His third finding of fact is as follows: "From all of the testimony and evidence your Referee finds as a fact that the 30 per cent partial disability of the Claimant has now resolved itself into one of 50 per cent partial disability as of May 11, 1960, which still continues". We agree with the Board that the Referee's estimate was a generous one.

The first contention of counsel for appellant is as follows: "The Board and the Referee erred in failing to consider all of the competent testimony and evidence presented by claimant in arriving at their decision". This contention is based on the Referee's conclusion, affirmed by the Board, that the claimant "failed to prove by competent testimony and evidence" that he is now totally disabled. As a matter of semantics, appellant argues that the evidence of Dr. Samuel J. Rosen was competent, and should not have been disregarded. The answer is that the compensation authorities did not disregard the testimony of Dr. Rosen. Since it was contradicted by the testimony of Dr. Koenig and Dr. Jones, an issue of fact was raised which was within the province of the compensation authorities to determine. It was for them alone to weigh the conflicting testimony and to accept or reject it in part or in whole: *Zilek v. C. C. Coal Co.*, 186 Pa. Superior Ct. 628, 142 A. 2d 507. It is not for the courts to attempt to reconcile conflicting medical testimony, or to review as a matter of law the credibility of medical witnesses: *Houlihan v. Joseph J. Scheiter & Co.*, 166 Pa. Superior Ct. 85, 70 A. 2d 431.

Appellant relies principally upon *Tomlinson v. Hazel Brook Coal Co.*, 116 Pa. Superior Ct. 128, 176 A. 853, wherein judgment upon an award for total disa-

bility was reversed because the compensation authorities entirely disregarded uncontradicted evidence that claimant did work and earn wages, and that he was not totally disabled. That case does not support appellant's position. In fact, Judge CUNNINGHAM made the following statement here pertinent: "If the evidence consisted alone of these conflicting expert opinions, we would readily agree with the court below that the award should be sustained; neither that court nor this one is authorized to weigh the evidence and substitute its independent judgment for that of the compensation authorities, if the record discloses legally competent evidence to sustain their findings of fact". Our examination of the voluminous original record in the case at bar clearly discloses that the Referee and the Board gave consideration to all the testimony. There is no requirement that a specific finding be made with regard to the credibility of each witness: *Smith v. Pullman-Standard Car Manufacturing Co.*, 194 Pa. Superior Ct. 263, 166 A. 2d 299.

The second contention of counsel for appellant is as follows: "The Board and the Referee erred in basing their decision upon a compromise instead of making adequate findings of fact to support their decision". The problem of weighing conflicting evidence as to the extent of disability inherently involves a compromise in many instances. It is not altogether unlike the assessment of damages in other types of action, an analogy discussed at some length in the able opinion of President Judge LENCHER. In the case at bar the Referee and the Board were faced not only with conflicting percentages of anatomical disability, but also with persuasive testimony that claimant's present condition is congenital in nature, unrelated to any accidental injury. We find nothing objectionable in their approach. Nor do we perceive any merit in appellant's argument that "the Board violated its duty to make specific find-

ings of fact", and that the record should be remanded for such purpose. Cf. *Hager v. Bethlehem Mines Corp.*, 183 Pa. Superior Ct. 498, 133 A. 2d 567. It was entirely proper for the Board, after reviewing the testimony, to affirm the findings of fact made by the Referee. His third finding, heretofore quoted, was a specific and adequate determination of the pivotal factual issue.

In summary, the extent of disability is a factual question determinable by the compensation authorities: *Reager v. Day & Zimmerman*, 173 Pa. Superior Ct. 102, 94 A. 2d 81. If a claimant has an agreement or award and alleges an increase in disability, the burden of proof is upon him: *Holtz v. McGraw & Bindley*, 161 Pa. Superior Ct. 371, 54 A. 2d 905. Since the Board concluded that this appellant had not met his burden of proof to show total disability, the only question before us is whether the Board's findings of fact are consistent with each other and with its conclusions of law, and can be sustained without a capricious disregard of competent evidence: *Allen v. Patterson-Emerson-Comstock, Inc.*, 186 Pa. Superior Ct. 498, 142 A. 2d 437. Unless such capricious disregard of credible testimony appears, the findings of fact by the Board, based on adequate and competent evidence, will be sustained on appeal: *Irvin v. Plymouth Meeting Rubber Division Linear, Inc.*, 182 Pa. Superior Ct. 280, 126 A. 2d 491. We are all of the opinion in the case at bar that the Board was not chargeable with a capricious disregard of competent evidence in finding that appellant was only partially disabled. Cf. *McIntosh v. Sylvania Co.*, 195 Pa. Superior Ct. 198, 171 A. 2d 569.

Order affirmed.