Greenwich Collieries and Old Republic Insurance Company, Insurance Carrier, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Moss C. Peel and Commonwealth of Pennsylvania, Respondents.

Argued November 3, 1978, before Judges MENCER, DiSALLE and CRAIG, sitting as a panel of three.

*Joseph J. Lee,* for petitioners.

*Timothy P. Creany,* for respondents.

OPINION BY JUDGE MENCER, February 28, 1979:

Greenwich Collieries (Greenwich) and its insurance carrier, Old Republic Insurance Company, have appealed an order of the Workmen's Compensation Appeal Board (Board), granting partial disability benefits to Moss C. Peel (claimant) because of coal worker's pneumoconiosis, pursuant to the occupational disease provisions of The Pennsylvania Workmen's Compensation Act (Workmen's Compensation Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq. We affirm.

Claimant had been employed by various companies as a coal miner since 1926, having worked for Greenwich from March 22, 1970 to November 7, 1973, his last day of employment. On November 26, 1975, claimant filed a petition for total disability compensation under Section 108(q) of the Workmen's Compensation Act, added by Section 1 of the Act of October 17, 1972, P.L. 930, 77 P.S. §27.1(q). In addition to his own testimony, claimant submitted the medical report of Dr. Robert Klemens, who concluded that claimant was totally and permanently disabled from coal worker's pneumoconiosis, and the results of an examination by Dr. William G. Evans which indicated that claimant was disabled to some extent because of his years of exposure to dust in the coal mines. Both Greenwich

and the Commonwealth of Pennsylvania[1] introduced their own medical reports which concluded that there was no evidence of any disability caused by coal worker's pneumoconiosis.

Due to the conflict in the medical evidence, the referee appointed Dr. Samuel Bradley as an impartial expert, pursuant to Section 420 of the Workmen's Compensation Act, 77 P.S. §831. After conducting his own examination of claimant and reviewing the reports of the other doctors, Dr. Bradley, in his report, concluded that claimant was not totally and permanently disabled because of coal worker's pneumoconiosis. Dr. Bradley testified, however, that, although claimant could do work of a sustained nature, since he showed signs of coal worker's pneumoconiosis, claimant should not work in dusty environments and must be considered partially disabled. The referee agreed, finding claimant to be partially disabled, and his decision was affirmed by the Board. This appeal followed.

Greenwich asserts that the testimony of Dr. Bradley, the impartial expert, does not constitute competent substantial evidence to support the referee's findings on claimant's partial disability. The crux of its argument is that Dr. Bradley's opinion that claimant should not work in the mines was not based on claimant's particular medical data but was a general medical recommendation applicable to all miners who, as claimant, had worked in the mines for at least fifteen years and were smokers. Greenwich, however, has overlooked the fact that the referee had before him not only Dr. Bradley's testimony and report but the reports of Drs. Klemens and Evans, claimant's doctors, and claimant's own testimony of his inability to

---

[1] The Commonwealth, while a party before the referee and the Board, under Section 305.1 of the Workmen's Compensation Act, as added by Section 2 of the Act of December 6, 1972, P.L. 1627, 77 P.S. §411.1, did not participate in this appeal.

work. Apparently, Greenwich would construe the referee's finding of partial disability as a *total* rejection of claimant's evidence and a *total* acceptance of the impartial expert's evidence. A referee, however, as the factfinder is not so constrained. Not only does the referee resolve questions of credibility and make choices between conflicting evidence, including medical evidence, *City of Hazleton v. Workmen's Compensation Appeal Board*, 35 Pa. Commonwealth Ct. 477, 386 A.2d 1067 (1978); *Workmen's Compensation Appeal Board v. Vitello*, 33 Pa. Commonwealth Ct. 172, 380 A.2d 1326 (1977), but

> [h]aving assessed the credibility of such evidence, the referee may, in lawful exercise of his broad discretion, accept or reject the testimony of any witness *in whole or in part*. . . . If the testimony accepted constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, . . . we are precluded from disturbing findings supported by the testimony even though there is evidence to the contrary. (Emphasis in original.) (Citations omitted.)

*American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 595, 377 A.2d 1007, 1010 (1977). *See also Finch v. Jones & Laughlin Steel Corp.*, 198 Pa. Superior Ct. 389, 181 A.2d 706 (1962); *Erwin v. L. & H. Construction Co.*, 192 Pa. Superior Ct. 632, 161 A.2d 639 (1960).

Reviewing the record, we find that the referee's findings are supported by substantial evidence. A fair reading of *all* the evidence favorable to claimant shows that Drs. Bradley, Klemens and Evans agreed that claimant showed signs of coal worker's pneumoconiosis. While they disagreed on the extent of claimant's disability, they did agree that claimant should not re-

turn to the mines. When this evidence is taken in conjunction with claimant's own testimony on his physical inability to work, we believe a reasonable man could have concluded that the claimant was at least partially disabled. *Cf. American Refrigerator Equipment Co., supra* (a reasonable mind could accept part of a doctor's testimony, while rejecting the rest, to support a conclusion on the causal connection between a claimant's job and injury). Therefore, we enter the following

ORDER

AND Now, this 28th day of February, 1979, the order of the Workmen's Compensation Appeal Board, dated November 10, 1977, is affirmed. Accordingly, it is ordered that judgment be entered in favor of Moss C. Peel and against Greenwich Collieries, Old Republic Insurance Company, its insurance carrier, and the Commonwealth of Pennsylvania, in the amount of $100 per week for the period beginning November 4, 1975 and continuing until such time as the disability changes in nature or extent or ceases and terminates, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

Compensation awarded shall be paid jointly, with Greenwich Collieries and Old Republic Insurance Company paying 75 percent or $75 per week and the Commonwealth of Pennsylvania, Department of Labor and Industry, Occupational Injury and Disease Fund, paying 25 percent or $25 per week.

In addition, the Commonwealth of Pennsylvania, Department of Labor and Industry, is directed to pay to Samuel M. Bradley, M.D., the impartial medical expert, the sum of $225.

Greenwich Collieries and Old Republic Insurance Company are further directed to pay approved attorney's fees of $1,200 directly to claimant's counsel, Eugene A. Creany, Esquire, from the first lump sum amount due.

